**STATE of Tennessee, Appellee,**

v.

**Marcellas M. GRANDBERRY, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Dec. 12, 1990.

Andrew E. Bender, Memphis, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Joel W. Perry, Asst. Atty. Gen., Nashville, Hugh W. Stanton, Dist. Atty. Gen., P.T. Hoover, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

SUMMERS, Judge.

This case is before us to review the action of the trial judge in overruling a petition to sentence the appellant to community corrections. The Honorable W. Fred Axley, Judge of the Shelby County Criminal Court, Division VI, presided. We find that the action of the trial judge was correct, and we affirm the convictions and the sentence as entered below.

The defendant, Marcellas Grandberry, entered a plea of guilty to one count of possession of cocaine with intent to sell and one count of possession of marijuana with intent to sell. At a guilty plea and sentencing hearing which occurred after November 1, 1989, the court sentenced the appellant on a recommended plea to four years confinement in the Shelby County Correctional Center and a fine of $500.00 on each count. The Court further ordered that the sentences be served concurrently. The appellant had filed a petition for a suspended sentence or in the alternative placement in the community corrections program. The appellant later abandoned the petition for suspended sentence and pursued the avenue of community corrections. At the sentencing phase of the hearing the trial court considered the following: testimony from the appellant; a witness for the appellant; the presentence report; police reports; letters from supporters of the appellant; and arguments of counsel.

When reviewing the issue of an allegedly incorrect sentence, this Court conducts a *de novo* review on the record with a presumption that the trial court's determinations are correct. T.C.A. § 40–35–402(d). When a defendant contends that he should have been sentenced pursuant to the Community Corrections Act of 1985, this Court must consider whether or not he is eligible. The Community Corrections Act establishes a program of community based alternatives to incarceration for certain eligible offenders. See T.C.A. §§ 40–36–101 *et seq.* An offender is eligible for participation in a community corrections program if the offender satisfies several minimum eligibility requirements. These requirements set forth the minimum standards an offender must meet in order to be placed in a community based corrections program; however, the statute does not provide that all offenders who meet these standards are entitled to such relief. *State v. Taylor*, 744 S.W.2d 919 (Tenn.Crim.App.1987).

T.C.A. § 40–36–106(a)(4) sets forth one of the minimum criterion which, if the appellant fails to meet, renders him ineligible for community corrections. The language of the provision from the statute is as follows:

(4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;

It is our opinion that the appellant in the present case fails to meet this criterion, and he is ineligible for community corrections.

When the appellant was arrested in March 1989, he was maintaining two residences over which he had control. The officers of the Metro Narcotics Unit in Memphis executed a search warrant at the appellant's home on Parker Street. The record shows that the appellant lived there with a woman described as his common law wife and two children, and he had lived there for several years. At this residence officers found 8.4 grams of cocaine in a

freezer; .2 grams of cocaine in the bedroom; $29,900.00 in a drawer; $680.00 dollars in the headboard of a bed; and a .357 Magnum pistol in a closet. Marijuana was also found, and it appears that he was not charged with respect to this drug at that residence.

A search warrant was also issued for a house on East Trigg Street. The record shows that items found and seized at that location were 2.5 grams of cocaine inside a stereo speaker; 17 pounds of marijuana in a bedroom; a pair of triple beam scales in the bedroom closet; 732 grams of marijuana in the kitchen inside a stove; and a 9mm loaded pistol which was found in the front room of the house in a bookcase. The record indicates that this was a stolen pistol, but the appellant was not charged with any crime associated with its theft. The record shows that the Trigg Street house contained the following pieces of furniture: a stereo with speakers, a bookcase, a stove, a refrigerator, and a bed.

The record indicates that the East Trigg Street residence was not occupied as a home by anyone at the time of the appellant's arrest. The appellant admitted that he previously lived at the East Trigg Street address. The record further shows that appellant had dominion and control over the East Trigg Street residence just as he did the Parker Street residence.

Appellant, age 32 at the time of the sentencing hearing, was working for Nike Corporation and for the Memphis Park Commission at a part-time job. He was making approximately $5.00 per hour. He admitted that he had been selling drugs, and at one point in his testimony admitted that he made as much as $10,000.00 per month selling drugs. He denied that all of the money found in the Parker Street residence was his. He stated that $9,750.00 of the nearly $31,000.00 seized was his father's money from the sale of some real property. He also stated that part of the money was from some of the other drug dealers in his business. He did admit that he was in a substantial drug trade business at the time of his arrest.

Concerning the weapons, he testified that the .357 Magnum pistol was for his personal protection at the Parker Street residence. Appellant even halfheartedly admitted that the weapon kept at the Parker Street house was there for his protection because he was dealing in drugs. Although he was slightly equivocal, he did not fully deny that the drug trade was the reason he had a weapon at the Parker Street house where his common-law wife and two children lived with him.

The weapon found at the East Trigg Street house poses a different problem for appellant. It is clear from the record that the trial court found that this house was in fact a house used primarily for drug trade, which is commonly called a "stash house." There were few pieces of furniture, and apparently nobody lived there. Appellant had utilities and phone in his name. The considerable amount of marijuana and evidence of cocaine indicates that appellant had a substantial drug business of an ongoing nature at the East Trigg Street house. The weapon located in the front room in a bookcase loaded with eight rounds of ammunition indicates to this Court, as it did the trial court below, that the appellant anticipated possible violence in relation to his drug dealing and was prepared for such an eventuality. Although appellant denies that this was a stash house, we find that it was a house from which he was operating a drug trade.

In enacting the Community Corrections Act of 1985, the General Assembly clearly intended that persons convicted of felony offenses in which the use or possession of a weapon was involved should not be granted alternative sentencing. We are of the opinion that this appellant fails to pass the test of this criterion. The record shows that he was a drug dealer and that he kept a 9mm pistol at his stash house for the purpose of protecting himself, his drugs, or the money acquired as a result of his drug business. This is the type of conduct that the General Assembly was trying to proscribe in T.C.A. § 40–36–106(a)(4). This Court is of the opinion that the trial judge properly denied his petition for community corrections.

The judgment of the trial court is affirmed.

SCOTT and PEAY, JJ., concur.