IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH SESSION, 1999

FILED

June 25, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9804-CR-00100 |
| | ) | |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. BERNIE WEINMAN, JUDGE |
| WILLIE L. WALES, | ) | |
| | ) | |
| Appellant. | ) | (BURGLARY OF A BUILDING) |

FOR THE APPELLANT:

CRAIG V. MORTON, II
200 Jefferson, Suite 725
Memphis, TN  38103

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

GEORGIA BLYTHE FELNER
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN  37243

JOHN W. PIEROTTI
District Attorney General

JOHN MARSHALL
Assistant District Attorney General
Criminal Justice Center, Suite 301
201 Poplar Avenue
Memphis, TN  38103

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Willie L. Wales, appeals as of right following his sentencing in the Shelby County Criminal Court. Defendant pled guilty to a charge of burglary of a building, a Class D felony, in violation of Tennessee Code Annotated section 39-14-402. Pursuant to the terms of the plea agreement, Defendant was to receive a three (3) year sentence with the trial court to determine the manner of service of his sentence. The trial court denied alternative sentencing and the Defendant appeals on this basis. We affirm the judgment of the trial court.

When an accused challenges the length, range or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102, -103, and -210; see State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and made findings of fact adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). Our sentencing law also provides that "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation, shall be given first priority regarding sentences involving incarceration." Tenn. Code Ann. § 40-35-102(5). Thus, a defendant sentenced to eight (8) years or less who is not an offender for whom incarceration is a priority is presumed eligible for alternative sentencing unless sufficient evidence rebuts the presumption. However, the act does not provide that all offenders who meet the criteria are entitled to such relief; rather, it requires that sentencing issues be determined by the facts and circumstances presented in each case. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. Tenn. Code Ann. § 40-35-103(3) - (4). The court should also consider the

potential for rehabilitation or treatment of the defendant in determining the sentence alternative.  Tenn. Code Ann. § 40-35-103(5).

At the sentencing hearing, Defendant testified regarding the circumstances of the offense.  On May 19, 1997, his car stalled and he went into someone's garage to retrieve a pair of pliers.  Defendant admitted that he knew he should not have entered that person's garage.  Defendant stated he had twelve (12) prior convictions, including: burglary, occurring once on May 22, 1994 and again on August 12, 1993; theft, two (2) separate convictions on January 9, 1993; driving on a suspended/revoked license on January 2, 1997 and October 20, 1996, and various drug offenses.  Admittedly, he was on probation when he committed some of these offenses.  He conceded during the hearing that he had an "unsuccessful rehabilitative history," but argues that does not totally negate the mitigating factors and his eligibility for Community Corrections.

The trial court denied any form of alternative sentencing based upon the Defendant's lack of candor and his prior record.  In sentencing the Defendant, the trial court stated:

> Mr. Wales, the only reason I was interested in the age of your brothers and sisters was because I wanted to know if you were telling the truth. We're just going back to honesty.  Mr. Wales, you've been a horrible citizen of this country.  All the way from Texas to Tennessee.  You've caused a great deal of aggravation and problems with our whole system, with our whole country. . . .
>
> I don't know if you were on strict supervision or not, Mr. Wales, because I see you were on probation for five years; and it must have worked really well because three years later you got another two year sentence. . . . [T]his community and this country and the people have a right to be protected.
>
> I find it interesting -- and I don't know, I haven't checked -- but I noticed you said that you were there because your car had stopped.  I find that

really interesting because four months before that I see you were convicted of driving on a revoked license. Now, maybe they were reinstated in that four months. It seems to me if that's not the case, you shouldn't have been driving at all. Your car couldn't have stalled on you because you wouldn't have been driving it.

In summation, the trial court found that the Defendant was "a classic case of someone that society needs to be protected from," and denied his petition for alternative sentencing.

While the trial court did not specify that it was relying upon factor (1)(A) of Tennessee Code Annotated section 40-35-103, it is apparent from his findings that he relied upon the fact that confinement was necessary to protect society by restraining a defendant with a long history of criminal conduct. The presentence report adequately reflects the lengthy criminal history of the Defendant. Included within the report were the following charges:

| | |
|---|---|
| Evading Arrest | 5/19/97 |
| DWLSCR | 1/2/97 |
| Operate MV w/Expired Tags | 1/2/97 |
| Failure to Appear | 12/28/96 |
| DWLSCR | 10/20/96 |
| Burglary | 5/22/94 |
| Burglary | 8/12/93 |
| Theft of Property under $500 | 1/9/93 |
| Theft of Property over $500 (3 cts) | 1/9/93 |
| PCS | 1/9/93 |
| Theft of Property under $500 | 8/20/92 |
| Theft of Property over $500 | 6/22/92 |
| DWLSCR | 6/22/92 |
| Burglary of Home | 1/24/89 |
| Burglary of Home | 8/15/84 |
| Delivery of Cont. Substance | 8/15/84 |
| Marijuana Possession | 3/16/82 |
| Marijuana Possession | 12/20/79 |
| Burglarizing Vehicle | 10/1/76 |

As acknowledged by the Defendant, his rehabilitative history following these offenses has been "unsuccessful."

While the Community Corrections Act allows certain eligible offenders to participate in community-based alternatives to incarceration, a defendant must first be a suitable candidate for alternative sentencing. Tenn. Code Ann. § 40-36-103. While Defendant does meet the eligibility requirements of Tennessee Code Annotated section 40-36-106(a), the Act does not provide that the offender is automatically entitled to such relief. State v. Grandberry, 803 S.W.2d 706, 707 (Tenn. Crim. App. 1990); State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). The potential or lack of potential for rehabilitation was appropriately considered by the trial court in determining that Defendant should not be granted an alternative sentence. Tenn. Code Ann. § 40-35-103(5).

In addition, the trial court considered Defendant's lack of candor with the court as probative of his prospect for rehabilitation. Defendant's lack of truthfulness at his sentencing hearing was germane to his rehabilitation potential. State v. Zeolia, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996) (citations omitted). While Defendant argues that the trial court failed to consider any relevant mitigating factors under Tennessee Code Annotated section 40-35-113, our review fails to find any which are applicable and capable of overshadowing his own prior failures to conform his conduct to the law. Where the defendant's history indicates a clear disregard for the law and morals of society and a failure of past efforts to rehabilitate, the trial court did not abuse its discretion in denying an alternative sentence. State v. Chrisman, 885 S.W.2d 834, 840 (Tenn. Crim. App. 1994).

We affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge


CONCUR:



_____
GARY R. WADE, Presiding Judge



_____
JOSEPH M. TIPTON, Judge