# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### MAY SESSION, 1999

FILED

June 25, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 02C01-9810-CC-00324** |
| | ) | |
| Appellee, | ) | **HARDIN COUNTY** |
| | ) | |
| **V.** | ) | **HON. C. CREED McGINLEY, JUDGE** |
| | ) | |
| **LAWRENCE EUGENE WHITE,** | ) | **(HABITUAL MOTOR VEHICLE** |
| | ) | **OFFENDER STATUTE; POSSESSION** |
| Appellant. | ) | **OF DRUG PARAPHERNALIA)** |


FOR THE APPELLANT:             FOR THE APPELLEE:

**GUY T. WILKINSON**            **PAUL G. SUMMERS**
District Public Defender         Attorney General & Reporter

**RICHARD W. DeBERRY**          **J. ROSS DYER**
Assistant Public Defender        Assistant Attorney General
117 Forrest Avenue North         2nd Floor, Cordell Hull Building
Camden, TN  38320               425 Fifth Avenue North
                               Nashville, TN  37243

                               **G. ROBERT RADFORD**
                               District Attorney General

                               **JOHN W. OVERTON, JR.**
                               Assistant District Attorney General
                               P.O. Box 484
                               Savannah, TN  38372-0484


OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Lawrence Eugene White, appeals as of right from his sentencing in the Hardin County Circuit Court. Defendant pled guilty pursuant to a plea agreement with the State to one (1) count of violation of the habitual motor vehicle offender statute (Count One) and one (1) count of possession of drug paraphernalia (Count Two). In return, Defendant received a one (1) year, six (6) month sentence for Count One and a sentence of eleven (11) months, twenty-nine (29) days for Count Two. In addition, Defendant agreed to pay a fine in the amount of $750.00. The trial court was to determine the manner of service of the sentence. Defendant's sole issue on appeal is the trial court's denial of alternative sentencing in the form of Community Corrections. We affirm the judgment of the trial court.

When an accused challenges the length, range or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider: (a) the evidence, if any received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his

own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; see State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and made findings of fact adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

At the sentencing hearing, Defendant testified that he moved to Hardin County in 1994 as a disabled American veteran. Defendant described that when he takes his medications, the "law thinks I'm drunk." While Defendant denied that he drank that much, he stated he has to drive to Memphis every week to go to the VA hospital. To subsidize his income, he performed mechanical maintenance on vehicles. On the evening in question, Defendant was driving someone's truck with faulty brakes to his home to perform the repairs. Because the brakes were not functioning properly, he was unable to come to a complete stop at the stop sign and he was pulled over by the police as a result. In summation, Defendant stated, "I don't rape, steal, rob or none of the above. I'm just trying to get along and sooner or later die from what I got in Vietnam."

The State did not present any proof at the sentencing hearing other than Defendant's presentence report. The report included the following convictions:

Habitual Motor Vehicle Offender Violation    1/10/96

(Arrest 6/9/95)

| | |
|---|---|
| Driving While Intoxicated, Third Offense<br>(Arrest 6/9/95) | 1/10/96 |
| Driving While Intoxicated<br>(Arrest 5/29/88) | 6/13/88 |
| Driving on Revoked License<br>(Arrest 2/2/87) | 9/23/87 |
| Driving on Revoked License<br>(Arrest 1/29/87) | 6/20/87 |
| Driving on Revoked License<br>(Arrest 9/30/86) | 12/31/86 |

In the presentence report, Defendant explained in his statement that the vehicle he was driving at the time of the offense was not his own, and neither was the pipe with marijuana. He further explained that because he did not have any family members in the area that could drive, he had to drive back and forth to the VA Hospital in Memphis. Finally, the presentence report verified that Defendant did not have a stable history of employment, although he received assistance from the government.

The trial court found that Defendant had a prior history of driving infractions, including a prior felony conviction for violation of the habitual motor vehicle offender statute. In consideration of the record as a whole, the court held that his prior record outweighed any presumption for alternative sentencing. Defendant's prior record, combined with his admission of continued felony violations of the law by driving his vehicle weekly to Memphis, were sufficient reason to the trial court to deny any form of alternative sentencing. See Tenn. Code Ann. § 40-35-103(1)(A) and (C).

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative

sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). Our sentencing law also provides that "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation, shall be given first priority regarding sentences involving incarceration." Tenn. Code Ann. § 40-35-102(5). Thus, a defendant sentenced to eight (8) years or less who is not an offender for whom incarceration is a priority is presumed eligible for alternative sentencing unless sufficient evidence rebuts the presumption. However, the act does not provide that all offenders who meet the criteria are entitled to such relief; rather, it requires that sentencing issues be determined by the facts and circumstances presented in each case. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

While the Community Corrections Act allows certain eligible offenders to participate in community-based alternatives to incarceration, a defendant must first be a suitable candidate for alternative sentencing. Tenn. Code Ann. § 40-36-103. While Defendant does meet the eligibility requirements of Tennessee Code Annotated section 40-36-106(a), the Act does not provide that the offender is automatically entitled to such relief. State v. Grandberry, 803 S.W.2d 706, 707 (Tenn. Crim. App. 1990); State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). A defendant's potential or lack of potential for rehabilitation was appropriately considered by the trial court in determining that Defendant should not be granted an alternative sentence. Tenn. Code Ann. § 40-35-103(5). As the trial court noted, it was only two (2) years ago that the Defendant committed the exact same felony offense, violation of the habitual motor vehicle offender statute. In addition, where the defendant's history indicates a clear disregard for the laws and morals of society

and a failure of past efforts to rehabilitate, the trial court did not abuse its discretion in denying an alternative sentence. <u>State v. Chrisman</u>, 885 S.W.2d 834, 840 (Tenn. Crim. App. 1994). As admitted by the Defendant, he has continued to commit this felony offense on a regular basis. This indicates a poor potential for rehabilitation.

It is Defendant's burden to prove his suitability or need for alternative sentencing, and Defendant has failed to meet this burden. <u>Ashby</u>, 823 S.W.2d at 169. We affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
JOE G. RILEY, Judge