IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**STATE OF TENNESSEE v. JAMES R. HORN, SR.**

**Direct Appeal from the Circuit Court for Marshall County**
**Nos. 13412, 13522      Charles Lee, Judge**

---

**No. M1999-00301-CCA-R3-CD - Decided May 25, 2000**

---

James Randel Horn was convicted of fraudulently obtaining a controlled substance and failure to appear. Defendant appeals his sentence, and alleges that the sentence is excessive and that he should have been sentenced to community corrections. We affirm the judgment of the trial court in all respects except for the sentence for fraud, where we find plain error. Accordingly, we reverse Defendant's sentence for fraud and remand for re-sentencing.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part and Reversed in Part and Remanded**

WOODALL, J. delivered the opinion of the court, in which WELLES, J. and SMITH, J. joined.

Donna Leigh Hargrove, District Public Defender, Curtis H. Gann, Assistant Public Defender, Shelbyville, Tennessee (on appeal), and Andrew Jackson Dearing, III, Assistant Pubic Defender, Fayetteville, Tennessee, (at trial), for appellant James R. Horn, Sr.

Paul G. Summers, Attorney General, Lucian D. Geise, Assistant Attorney General, William Michael McCown, District Attorney General, Weakley E. Barnard, Assistant District Attorney General, for appellee State of Tennessee.

**OPINION**

JUDGE WOODALL delivered the opinion of the court.

James R. Horn, Sr. pled guilty to one count of obtaining controlled substance by fraudulent means and one count failure to appear in Marshall County Circuit Court. The court found him to be a persistent offender and sentenced him to 5 years on the fraud charge and 6 years for the failure to appear, with the sentences to run consecutively. Defendant now appeals his sentence, alleging that the sentence is excessive and that he should have been sentenced to community corrections. We affirm the judgment of the trial court in all respects except for the sentence for fraud. The trial court sentenced Defendant based on the erroneous conclusion that the fraud count is a Class E felony, when in fact the charge is a Class D felony. As a result we remand for re-sentencing on the fraud count.

## I. Facts

On December 30, 1997, Defendant, pretending to be an employee of a physician, called in a prescription for himself to Parson's pharmacy in Lewisburg, Tennessee. The prescription was not prescribed by a licensed physician. The prescription was for the brand-name drug Lorcet 10, which contains hydrocodone, a schedule II controlled substance. See Tenn. Code Ann. § 39-17-408(b)(1) (1997).

On March 18, 1998, Defendant was indicted for obtaining a schedule II controlled substance by fraudulent means, in violation of § 53-11-402(5)(b)(1). Id. (1999). On April 22, 1998, Defendant agreed to plead guilty to the same charge. Sentencing and acceptance of the plea was scheduled for June 3, 1998. Defendant did not appear on June 3, and was indicted for failure to appear. Defendant was subsequently apprehended by law enforcement officers. On February 17, 1999, the court accepted Defendant's guilty plea on the fraud count, Defendant pled guilty to failure to appear, and was sentenced for fraud and failure to appear.

## II. Analysis

When an accused challenges the length, range, or the manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, 103, 210 (1997). See State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and made findings of fact that are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

### A. Community Corrections

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (1997). Our sentencing law also provides that "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation, shall be given first priority regarding sentences involving incarceration." Id. § 102(5). However, the act does not provide that all offenders who meet the criteria for alternative sentencing are entitled to such relief; rather, it requires that sentencing issues be determined by the facts and circumstances presented in each case. See Ashby, 823 S.W.2d at 167 (quoting State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986)).

When determining if incarceration is appropriate, a court must consider if confinement is (1) necessary "to protect society by restraining a defendant who has a long history of criminal conduct"; (2) necessary "to avoid depreciating the seriousness of the offense"; (3) "particularly suited to provide an effective deterrence to others likely to commit similar offenses"; or (4) needed because "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." Tenn Code. Ann. § 40-35-103(1) (1997). Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. Id. § 103(2), (4). The court should also consider the defendant's potential for rehabilitation or treatment, or lack thereof, when determining the appropriate sentence. Id. § 103(5).

If a defendant is eligible for alternative sentencing, the Community Corrections Act allows certain offenders to participate in community-based alternatives to incarceration. Tenn. Code Ann. § 40-36-103 (1997). In order to be considered a defendant must satisfy all of the minimum eligibility criteria set forth at Tennessee Code Annotated § 40-36-106(a). (Supp. 1999). A defendant qualifies:

(1) if, without community corrections, he would be incarcerated in a correctional institution;
(2) if he has been convicted of a property-related or drug/alcohol-related felony offense or another felony not involving crimes against the person;
(3) if he has been convicted of a non-violent felony;
(4) if he has been convicted of a felony in which the use or possession of a weapon was not involved;
(5) if he has not demonstrated a present or past pattern of behavior indicating violence;
(6) if he has not demonstrated a pattern of committing violent offenses;
(7) if he is not presently sentenced to incarceration or on escape status.

Id. If a defendant cannot meet these requirements, a defendant may still be eligible for community corrections if (1) he qualifies for probation, (2) he is not considered fit for probation because of chronic alcohol or drug abuse, or a history of mental health problems, and (3) he has special needs that are treatable and best served in the community. Id. § 40-36-106(c); State v. Staten 787 S.W.2d

934, 936 (Tenn. Crim. App. 1989) (interpreting § 40-36-106(c) as requiring offender to be eligible for probation). However, even though an offender meets the requirements of eligibility, the Act does not provide that the offender is automatically entitled to such relief. State v. Grandberry, 803 S.W.2d 706, 707 (Tenn. Crim. App. 1990); State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). Rather, the statute provides that the qualifying criteria shall be interpreted as minimum standards to guide a trial court's determination of whether that offender is eligible for community corrections. Tenn. Code Ann. § 40-36-106(d) (Supp. 1999).

Here, there is no evidence in the record that the trial court ever considered community corrections. As a result, our review is de novo. After a careful review of the record we are of the opinion that the evidence in the record warrants a sentence of incarceration.

Defendant contends that he is eligible for community corrections under § 40-36-106(c). We disagree. Defendant meets the requirements for eligibility under § 40-36-106(a). A defendant may only qualify under paragraph (c) if he does not qualify under (a). Id. § 40-36-106(c). As to Defendant's eligibility under § 40-36-106(a), Defendant is indeed eligible. As previously stated, however, just because Defendant is eligible, it does not mean he is automatically entitled to a community corrections sentence. Grandberry, 803 S.W.2d at 707; Taylor, 744 S.W.2d at 922.

We think that the record demonstrates that incarceration is the appropriate sentence for Defendant. The instant offenses are 2 of 11 felonies committed by Defendant over a course of 12 years. Defendant testified that he is addicted to prescription painkillers, and from his testimony it is clear that at least nine 9 of these felonies are directly related to Defendant's attempts to procure drugs to sustain his habit. For example, four of the convictions involve burglarizing homes in the daytime to obtain prescription medications; two convictions stem from a burglary Defendant committed to obtain goods to resell for cash (in order to buy drugs).

In terms of incarceration, Defendant has been accorded considerable leniency by the courts thus far. He has received probation several times, and when he did serve some time in the penitentiary he was paroled for a significant portion of his sentence. We note Defendant was unable to complete his parole; he violated it in November of 1997 when he was arrested for possession of narcotics intended for resale. Defendant violated his parole again when he committed the fraud at issue here. At present, Defendant is on probation for an offense committed after the instant offenses.

It is evident that Defendant has a significant drug problem. He testified in detail about how he was "clean" for two and one-half years, but that a relapse immediately preceded the instant offenses. In Defendant's words, he was supposed to administer prescription painkillers to his wife (also an addict) after she had oral surgery, and he decided to take one because he had a headache. This in turn triggered the cycle of addiction. We note that in Defendant's presentence report statement, given in January of 1999, Defendant asserted that he was once again "clean," and had been for seven months.

We believe that Defendant's extensive criminal history and lack of rehabilitative potential warrant incarceration. Defendant has demonstrated a clear disregard for the law. Moreover, Defendant's rehabilitative potential is questionable. Defendant's addiction has spanned a number of years. Defendant tried to stay clean, but when confronted with an opportunity to begin using again, Defendant promptly did so. We think that the combination of these factors also suggests that a measure less restrictive than confinement will not contain Defendant's drug-related criminal activity.

### B. Length of Sentence

Defendant challenges the length of his sentence as excessive. The trial court found Defendant to be a persistent offender based on 5 prior felony convictions, see Tenn. Code Ann. § 40-35-107 (1997), and sentenced Defendant based on this classification. See id. §§ 40-35-106 to 108. Defendant received 5 years for obtaining a controlled substance by fraudulent means, and 6 years for failure to appear. The trial court ordered the sentences to run consecutively.

We agree with the trial court's determination that Defendant is a persistent offender. For purposes of sentencing we note that Defendant has 8 felony convictions prior to the offenses at issue here. However, because 3 of these felonies were committed at or near the same time as another felony, for the purposes of setting Defendant's range Defendant has 5 prior felonies, placing him within the persistent offender category. See Tenn. Code Ann. § 40-35-107(4) (1997),

As to the sentence for failure to appear, we affirm the sentence of the trial court. The court correctly applied enhancement factor (1) because Defendant has criminal convictions in excess of those necessary to set the appropriate range. Id. § 40-35-114(1). The court also correctly applied enhancement factor (8) because at the time Defendant failed to appear he had two prior parole violations. Id. § 114(8). We note that the trial court's rational for imposing factor (13) was erroneous–Defendant was not on probation when he committed this offense. However, the application of this factor is still warranted because Defendant failed to appear while on bond for the fraud charge. Id. § 114(13)(A). We also note that the trial court erred when it applied enhancement factor (14)–the crime of failure to appear is not akin to committing a crime while on escape status. See id. § 114(14). Finally, the trial court was correct when it noted that Defendant's conduct did not cause or threaten serious bodily injury–and thus one statutory mitigating factor is applicable. See id. §113(1).

Despite the trial court's erroneous application of enhancement factor (14) we conclude that the trial court's sentence of the range maximum, 6 years, is appropriate. As discussed in part IIA, Defendant has an extensive criminal history which spans a significant period of time. Moreover, Defendant stated at the sentencing hearing that he did not appear for his original sentencing date simply because his wife begged him not to go. The record also shows, however, that Defendant used his freedom to again attempt to obtain drugs via fraud. Although Defendant admits to his drug addiction, Defendant's testimony at the sentencing hearing does not include any statement by Defendant that he accepts personal responsibility for his actions. We conclude that Defendant's

extensive drug-related criminal behavior and non-compliance with conditional release terms warrant the term imposed by the trial court.

We also affirm the trial court's imposition of consecutive sentences.  The trial court clearly stated that it was imposing consecutive sentences because failure to appear was akin to escape, and because the Defendant was on probation at the time the Defendant committed both offenses.  The trial court also alluded that Defendant's prior criminal history warranted consecutive sentences.  We are of the opinion that consecutive sentences may not be imposed under all of these rationales. The Tennessee Rules of Criminal Procedure provide for mandatory consecutive sentencing for escape sentences, see Tenn.R.Crim.P. 32(c), but failure to appear is not included in the definition of the crime of escape, see Tenn. Code Ann. § 39-16-601 (1997).  Nor was Defendant on probation at the time he committed the fraud or the failure to appear.  Defendant's prior record could justify consecutive sentencing pursuant to Tennessee Code Annotated § 40-35-115(b)(2) (consecutive sentencing warranted upon finding of extensive criminal activity).  We also note that Defendant was on bail when he failed to appear for his sentencing on the fraud charge, and thus consecutive sentences are mandatory because Defendant was convicted of both the fraud and the failure to appear.  Tenn.R.Crim.P. 32(c).

Although we affirm the sentence for the charge of failure to appear and the imposition of consecutive sentences, we remand for re-sentencing on the fraud count.  Obtaining a controlled substance by fraud is a Class D felony.  See Tenn. Code Ann. § 53-11-402(5)(b)(1) (1999). Although the trial court correctly found Defendant to be a persistent offender, the range of punishment for a Class D felony under a Range III sentence is 8 to twelve 12 years.  Id. § 40-35-112(c)(4) (1997).  The trial court sentenced Defendant to five 5 years–apparently because the trial court thought that obtaining a controlled substance by fraud is a Class E felony.  Accordingly, we remand to the trial court for re-sentencing on this count.

### III.  Conclusion

For the above reasons we affirm the trial court's sentence except for the sentence on the fraud charge.  We remand this case to Circuit Court of Marshall County for re-sentencing on this count.