# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 9, 2002

## STATE OF TENNESSEE v. MICHAEL L. TAYLOR

### Direct Appeal from the Circuit Court for Hardin County
### No. 8049, 8050    C. Creed McGinley, Judge

_____

### No. W2001-02744-CCA-R3-CD - Filed August 23, 2002

_____

Pursuant to a negotiated plea agreement, the defendant pled guilty to possession of crack cocaine with the intent to resell, distribute or manufacture, possession of marijuana, possession of drug paraphernalia, and four counts of the sale of over .5 grams of crack cocaine. The defendant was sentenced as agreed to nine (9) years for each felony count and eleven months and twenty-nine days for each misdemeanor count. The agreement also provided that all of the sentences would be served concurrently for an effective nine-year sentence. Following a sentencing hearing, the trial court denied alternative sentencing. In this appeal, the defendant challenges the denial of alternative sentencing. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Guy T. Wilkinson, District Public Defender; and Richard W. DeBerry, Assistant Public Defender, for the appellant, Michael L. Taylor.

Paul G. Summers, Attorney General and Reporter, Mark A. Fulks, Assistant Attorney General; G. Robert Radford, District Attorney General; and John W. Overton, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Michael L. Taylor, pled guilty, in case number 8049, to one count of possession of a controlled substance with the intent to resell, distribute or manufacture, a Class B felony; one count of possession of marijuana, a Class A misdemeanor; and one count of possession of drug paraphernalia, a Class A misdemeanor. The defendant also pled guilty, in case number 8050, to four counts of the sale of a controlled substance, all Class B felonies. Pursuant to a plea agreement, the defendant was sentenced as follows: nine (9) years for each of the felony offenses, and eleven months and twenty-nine days for each of the misdemeanors, with all counts to be served concurrently, for an effective nine-year sentence. After a hearing on

alternative sentencing, the trial court denied the defendant's request for a sentence in the community corrections program and ordered him to serve his sentence in the Department of Correction. The defendant filed this timely appeal challenging the trial court's denial of an alternative sentence. Case numbers 8049 and 8050 have been consolidated for the purpose of this appeal.

## Standard of Review

When an accused challenges the manner of service of a sentence, such as the denial of an alternative sentence, this Court's review of the sentence is de novo with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is de novo. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating and enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102, -103, -210; State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988).

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). Due to the instant defendant's Class B felony convictions, he is not presumed to be a favorable candidate for alternative sentencing. Moreover, the defendant is ineligible for probation since his sentence exceeds eight years. See Tenn. Code Ann. § 40-35-303(a). Nevertheless, the defendant may be eligible for participation in a community corrections program, another form of alternative sentence, if he satisfies the minimum eligibility criteria set forth at Tennessee Code Annotated section 40-36-106(a). An offender desiring a community corrections sentence must demonstrate that he or she:
>    (1) . . .without this option, would be incarcerated in a correctional institution;
>    (2) . . .[was] convicted of property-related or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person . . .;
>    (3) . . .[was] convicted of nonviolent felony offenses;
>    (4) . . .[was] convicted of felony offenses in which the use or possession of a weapon was not involved;
>    (5) . . .[does] not demonstrate a present or past pattern of behavior indicating violence;
>    (6) . . .[does] not demonstrate a pattern of committing violent offenses; and

(7) . . .[was not] sentenced to incarceration or on escape at the time of consideration. . . .

Tenn. Code Ann. § 40-36-106(a).

All offenders who meet the requirements of the Community Corrections Act are not entitled to be sentenced pursuant to that act as a matter of law. State v. Grandberry, 803 S.W.2d 706, 707 (Tenn. Crim. App. 1990). After determining that an offender is eligible for a community corrections sentence, the trial court, applying the sentencing considerations set forth in Tennessee Code Annotated section 40-35-103 and general sentencing guidelines, determines whether the offender is entitled to a sentence under the Community Corrections Act. In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); State v. Ashby, 823 S.W.2d 169 (Tenn. 1991).

## Analysis

At the hearing on alternative sentencing, both parties relied on a presentence report prepared by the community corrections program. In addition to the seven instant offenses, the defendant has three prior felony convictions for delivery of a controlled substance, one prior felony conviction for aggravated assault, one prior misdemeanor conviction for possession of a controlled substance, three prior misdemeanor convictions for evading arrest, one prior misdemeanor conviction for resisting arrest, and one prior misdemeanor conviction for assault, for a total of four prior felony and six prior misdemeanor convictions. In addition, the presentence report indicates that the defendant has previously violated the conditions of probation and parole. Finally, he has a prior arrest/charge for aggravated domestic assault, which was dismissed because the victim did not appear in court.

The trial court first noted that the defendant is not presumed to be a favorable candidate for alternative sentencing because of the five Class B felony convictions. After reviewing the presentence report, the trial court found that the defendant was not an appropriate candidate for alternative sentencing due to his extensive criminal history, as well as the number of offenses involved in the instant cases.

Upon de novo review, we first note that it is arguable whether the defendant even meets the eligibility criteria for placement in the community corrections program due to his prior convictions for assault and aggravated assault. However, even if he were deemed eligible under the Community Corrections Act, we conclude that the trial court did not err in denying community corrections due to the defendant's extensive criminal record and the past failure of measures less restrictive than confinement to curb his criminal activity.

**CONCLUSION**

Accordingly, we see no reason to disturb the sentence of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE