IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 5, 2003

## STATE OF TENNESSEE v. EVERET L. MCNEIL

**Direct Appeal from the Criminal Court for Shelby County**
**Nos. 01-07582, 01-07583, 01-10384     Arthur T. Bennett, Judge**

_____

**No. W2002-02999-CCA-R3-CD  - Filed September 25, 2003**
_____

The Defendant, Everet L. McNeil, entered guilty pleas to possession with intent to sell less than .5 grams of cocaine, simple possession of marijuana, and simple possession of cocaine. The Shelby County trial court ordered the Defendant to serve an effective three-year sentence in confinement. On appeal, the Defendant contends the trial court erred in denying alternative sentencing. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

William D. Massey, Memphis, Tennessee, for the appellant, Everet L. McNeil.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Thomas E. Williams, III, Assistant Attorney General; William L. Gibbons, District Attorney General; and Lee V. Coffee, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant entered his guilty pleas pursuant to a plea agreement wherein he received an effective three-year sentence with the manner of service to be determined by the trial court. Following a sentencing hearing, the trial court ordered the Defendant to serve his sentence in confinement.

## I.  Waiver

The facts and circumstances of the offenses were important to the trial court's sentencing determinations; however, the transcript of the guilty plea proceeding is absent from the record.

Although we deem the guilty plea proceeding essential to the determination of the issue presented, we are able to glean sufficient information from the record presented to conclude that the issue is without merit. By failing to produce an adequate record for our review, the Defendant has waived any claim that the conclusions of the trial court are incorrect. See State v. Ivy, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993).

In the case at bar, the trial court considered the circumstances of the offenses in making its sentencing determinations. Furthermore, during the sentencing hearing, the Defendant maintained his innocence regarding the possession of cocaine with intent to sell offense which occurred on September 2, 1999.[1] Therefore, the Defendant has clearly waived the issues he has raised on appeal. However, despite this waiver, the record before this court supports the sentences imposed by the trial court.

## II. Sentencing Hearing

Henry Louis Sexton, who was qualified as an expert in the field of alcohol and drug treatment and counseling, testified he assessed the Defendant and determined that he was dependent upon alcohol and marijuana. Sexton stated that based upon his recommendations, the Defendant enrolled in a twenty-eight-week treatment program on February 2, 2002. Sexton opined the Defendant successfully completed the program on October 3, 2002, and that he received some benefit from the program. He further stated he believes the Defendant's prognosis is "very good" if he continues to receive treatment. Sexton testified that although he did not screen the Defendant for drugs and alcohol, he had no reason to believe that the Defendant was using drugs or alcohol while he was enrolled in the program.

The Defendant testified that at the time of the hearing, he was twenty-eight years old, was single, and lived with his parents. He stated he has four children, whom he supports through his employment as a security guard at a car dealership. He further stated that although he was not under a child support order, he paid approximately $100.00 in child support every two weeks.

The Defendant testified he committed the present offenses because "[a]ll that marijuana and alcohol took control of [him]." He stated he began smoking marijuana when he was fifteen years old and smoked it on a daily basis until December 2001. He further stated he did not smoke marijuana while enrolled in the treatment program, although he continued to crave it.

The Defendant testified that while enrolled in the treatment program, he drank approximately one beer every two to three weeks. He stated that although he informed the community corrections

---

[1] The sentencing hearing transcript is somewhat confusing. The indictment charging the Defendant with the sale of cocaine to David McVay on September 2, 1999, was dismissed. However, the Defendant pled guilty to possession with intent to sell cocaine for the event on September 2, 1999. At the sentencing hearing, the Defendant denied possessing cocaine relating to the September 2, 1999, incident, which is contrary to his plea of guilty to that offense.

officer that he had not consumed alcohol since December 2001, this statement was true at the time he made it, which was just after beginning the treatment program.

The Defendant testified that although he occasionally sold cocaine, he did not use it. He maintained his innocence regarding the possession of cocaine with intent to sell conviction, which arose out of events which occurred on September 2, 1999. The Defendant denied both possessing and selling cocaine to a co-defendant on that date. He explained he was gambling and asked the co-defendant for change for a $20.00 bill.

The Defendant testified he had prior misdemeanor convictions for simple possession of drugs and two prior felony convictions for aggravated assault and attempted aggravated assault. The Defendant stated the aggravated assault conviction, for which he received a three-year sentence, involved an argument with the victim regarding drugs. During the altercation, the Defendant produced a pistol, which fired as he and the victim were "wrestling" over it. The Defendant stated the attempted aggravated assault conviction, for which he received a two-year sentence, arose when he became involved in an altercation with another victim, who had allegedly stolen the Defendant's personal property.

The Defendant stated he had been placed on probation on one prior occasion and violated the conditions of probation by driving a vehicle. The Defendant further stated that while on bond for the present offenses, he was arrested and subsequently convicted of simple assault and gambling. He explained the offenses occurred before he entered the treatment program, and he maintained he had changed since completion of the treatment program.

### III. Trial Court's Findings

The trial court stated that in imposing confinement, it considered the Defendant's criminal history. The court noted many of the Defendant's convictions were drug-related and evidence was presented regarding his dependency upon marijuana and alcohol. It further noted the Defendant had violated the conditions of probation on a prior occasion and had committed offenses which were not necessarily drug-related. The trial court further found the Defendant was not addicted to cocaine but was selling it for profit.

The trial court also found the Defendant was not completely truthful in his testimony at the sentencing hearing. The court noted the Defendant first stated he had ceased consuming drugs and alcohol prior to entering the treatment program, but he later admitted he occasionally drank a beer while enrolled in the program. The trial court further found rehabilitation efforts had failed in the past. The court noted the Defendant failed to fully comply with the treatment program by continuing to consume alcohol while enrolled in the program. The trial court denied alternative sentencing.

## IV. Standard of Review

A defendant who challenges his or her sentence has the burden of proving the sentence imposed by the trial court is improper. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). It is this court's duty to conduct a *de novo* review of the record with a presumption the trial court's determinations are correct when a defendant appeals the length, range, or manner of service of his or her sentence. Tenn. Code Ann. § 40-35-401(d). The presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999).

## V. Alternative Sentencing

The Defendant contends the trial court erred in denying alternative sentencing and in imposing confinement. Specifically, the Defendant argues the trial court should have allowed him to serve his sentences in the community corrections program. We disagree.

## A. Community Corrections, Generally

The Community Corrections Act establishes a program of community-based alternatives to incarceration for certain eligible offenders. See Tenn. Code Ann. § 40-36-103. A defendant is eligible for participation in a community corrections program if the defendant satisfies several minimum eligibility criteria set forth at Tenn. Code Ann. § 40-36-106(a)(1)-(6). The Act does not provide that all offenders who meet these requirements are entitled to such relief. State v. Grandberry, 803 S.W.2d 706, 707 (Tenn. Crim. App. 1990). Indeed, Tennessee Code Annotated section 40-36-106(d) provides that the eligibility criteria shall be interpreted as minimum standards to guide the court's determination of eligibility of offenders under the Act.

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6).

Under the 1989 Sentencing Act, sentences which involve confinement are to be based on the following considerations contained in Tennessee Code Annotated section 40-35-103(1):

(A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997); State v. Millsaps, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995). Additionally, the court should consider a defendant's potential or lack of potential for rehabilitation. Tenn. Code Ann. § 40-35-103(5).

### B. Analysis

The Defendant pled guilty to possession with intent to sell less than .5 grams of cocaine, a Class C felony. Tenn. Code Ann. §§ 39-17-417(c)(2), -418(c). Therefore, the Defendant is presumed to be a favorable candidate for alternative sentencing options. Tenn. Code Ann. § 40-35-102(6). However, the Defendant fails to satisfy the minimum eligibility criteria for participation in a community corrections program because the circumstances surrounding his prior convictions for aggravated assault and attempted aggravated assault demonstrate a past pattern of behavior indicating violence. Tenn. Code Ann. § 40-36-106(a)(5).

The Defendant also fails to qualify for community corrections under the "special needs" provision. Tenn. Code Ann. § 40-36-106(c). The trial court found that although the Defendant was dependent upon alcohol and marijuana, his dependency did not contribute to his criminal conduct in selling cocaine. Rather, the trial court found that the Defendant sold cocaine in order to make a profit. The trial court further found that the Defendant's consumption of alcohol while enrolled in a treatment program demonstrated his unwillingness to comply with his treatment program. In addition, the Defendant's testimony during the sentencing hearing demonstrated his unwillingness to take responsibility for his conduct. Although the Defendant pled guilty to possession of cocaine with intent to sell, during the sentencing hearing he denied possessing cocaine. Accordingly, we conclude the trial court properly denied the Defendant's request to serve his sentence in a community corrections program.

As stated, confinement is necessary in order to protect society from a defendant who has an extensive history of criminal conduct. Tenn. Code Ann. § 40-35-103(1). The Defendant's community corrections report, which was admitted into evidence during the sentencing hearing, reveals that he had two prior felony convictions for aggravated assault and attempted aggravated assault. The report further notes that the Defendant had numerous misdemeanor convictions, including one conviction for simple assault, one gambling conviction, four convictions for simple possession of a controlled substance, three convictions for various traffic offenses, two convictions for reckless driving, and one conviction for evading arrest. In addition, the Defendant's arrest and conviction for the simple assault and gambling offenses occurred while he was on bond for the

present offenses.  He was also placed on probation on a prior occasion and subsequently violated it. We conclude that due to the Defendant's extensive history of criminal conduct and failure of past efforts of rehabilitation, the trial court properly ordered him to serve his sentences in confinement.

Accordingly, we affirm the judgments of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE