IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 9, 2003 Session

## SHAMAIN JOHNSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**Nos. 2001-B-1165 & 2001-C-1740     Cheryl Blackburn, Judge**

───────────────

**No. M2003-00470-CCA-R3-CO - Filed January 23, 2004**

───────────────

The Defendant, Shamain Johnson, appeals from the trial court's denial of his petition for writ of habeas corpus. Finding that denial of the petition was appropriate, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Charles E. Walker, Nashville, Tennessee, for the appellant, Shamain Johnson.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On January 31, 2002, pursuant to a plea agreement, the Defendant pled guilty to one count of possession of .5 grams or more of cocaine with intent to sell. He also pled guilty to two counts of sale of a counterfeit controlled substance. As part of the plea agreement, other charges were dismissed. The trial court sentenced the Defendant to ten years for possession of cocaine and to two years for each conviction for sale of a counterfeit controlled substance. The trial court ordered the two-year sentences to be served concurrently to one another, but consecutively to the ten-year sentence, resulting in an effective sentence of twelve years. The trial court allowed the Defendant to serve all but one year of his sentence on community corrections. On November 8, 2002, the trial court revoked the community corrections sentence. On December 12, 2002, the Defendant filed a petition for writ of habeas corpus in which he alleged that his sentence was illegal because he was not eligible for community corrections at the time he was originally sentenced. The trial court denied the Defendant's petition, and the instant appeal followed.

The Tennessee Supreme Court has explained the very limited scope of habeas corpus relief in Tennessee as follows:

> Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). This Court has stated that "if the court rendering a judgment has jurisdiction of the person, the subject-matter, and has the authority to make the challenged judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief." Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). An illegal sentence is void if the "illegality of the sentence is evident on the face of the judgment or the record of the underlying proceedings." McLaney v. Bell, 59 S.W.3d 90, 94 (Tenn. 2001). Habeas corpus relief is available if the sentence is void. See id.

In this case, the Defendant maintains that the trial court was without jurisdiction to revoke his community corrections sentence because, due to the fact that he had been charged with possession of a weapon, he was ineligible for community corrections, and that his sentence was, therefore, illegal. Tennessee Code Annotated section 40-36-106(a)(1)(D) states that one of the minimum criteria that must be met for an offender to be deemed eligible for community corrections is that the offender must not be "convicted of felony offenses in which the use or possession of a weapon" was involved. In his brief, the Defendant relies on three cases that interpret section 40-36-106(a)(1)(D).

In State v. Grandberry, 803 S.W.2d 706 (Tenn. Crim. App. 1990), this Court held that the defendant, who was convicted of possession of cocaine and marijuana with the intent to sell, was ineligible for community corrections. While searching two residences over which the defendant maintained control, police officers found vast quantities of drugs, cash, and two handguns. See id. at 707-08. The court in Grandberry held that the defendant was convicted of felony offenses in which the use or possession of a weapon was involved; therefore, he was ineligible for community corrections. See id. at 708.

In State v. Timothy W. Brown, No. 01-C-01-9211-CC00343, 1994 WL 284016, at *5 (Tenn. Crim. App., Nashville, June 9, 1994), a panel of this Court held that the defendant was ineligible for community corrections because he testified that he was a cocaine dealer who carried a pistol to defend himself. See id. at *3.

In State v. Frederick Tennial, No. 02C01-9106-CR-00123, 1992 WL 105975, at *2 (Tenn. Crim. App., Jackson, May 20, 1992), this Court held that the defendant, who pled guilty to selling and possessing cocaine, was ineligible for community corrections based on the police finding a loaded .45 pistol in his car. The defendant admitted that he sold cocaine two or three times a week

for a year to a year and a half.  See id. at *1.  He also admitted that drug dealers normally carry guns.  See id.

This case is distinguishable from Grandberry, Brown, and Tennial because there is no evidence in the record that the weapons which the Defendant was charged with possessing bore any relationship to the drug activity for which he was convicted.  In Grandberry, this Court found that the defendant "halfheartedly admitted that the [first gun] was there for his protection because he was dealing in drugs."  803 S.W.2d at 708.  The second weapon was located at a "stash house" from which the defendant ran a substantial drug business.  The Court found that the presence of the second weapon indicated that the defendant "anticipated possible violence in relation to his drug dealing and was prepared for such an eventuality" and that he kept the pistol there to protect "himself, his drugs, or the money acquired as a result of his drug business."  Id.

In Brown, the defendant testified that he sold drugs to support his own habit, and he carried a pistol to protect himself.  See 1994 WL 284016, at *3.  In Tennial, the defendant testified at the sentencing hearing that he had sold cocaine over one hundred times.  See 1992 WL 105975, at *1.  The defendant admitted to carrying a loaded .45 pistol, and he also admitted that drug dealers usually carry guns.  See id.  The court observed that "[t]he implication was that he possessed the weapon because he was a drug dealer."  Id.

In each of these cases, the defendants' possession of weapons was clearly connected to the felony offenses for which they were convicted.  However, in this case, no such connection was shown.  The prosecutor outlined the facts underlying the Defendant's convictions for possession of cocaine and sale of a counterfeit controlled substance, but there was no indication that the offenses of which the Defendant was convicted involved "the use or possession of a weapon."  Tenn. Code Ann. § 40-36-106(a)(1)(D).  In fact, the prosecutor at the guilty plea proceeding made no mention whatsoever of the Defendant having been charged with possession of a weapon.  Therefore, although he had been indicted for possession of a weapon, he was nonetheless statutorily eligible to receive a community corrections sentence for the offenses for which he was convicted.  The sentence he received was not illegal on the face of the record of the proceedings, and the trial court retained authority to revoke his community corrections sentence.

The judgment of the trial court denying the Defendant's petition for writ of habeas corpus is affirmed.

---

DAVID H. WELLES, JUDGE

-3-