**STATE of Tennessee, Appellee,**

v.

**Eric S. RAMSEY, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 10, 1995.

Leslie S. Hale, Asst. Public Defender, Blountville, on appeal, Mark D. Slagle, Johnson City, at trial, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Christina S. Shevalier, Asst. Atty. Gen., Nashville, Greeley Wells, Dist. Atty. Gen., Edward E. Wilson and Paul W. Laymon, Asst. Dist. Attys. Gen., Blountville, for appellee.

## OPINION

PEAY, Judge.

The defendant was convicted of criminally negligent homicide and three (3) counts of misdemeanor reckless endangerment. He was sentenced as a Range I offender to serve two (2) years in the Tennessee Department of Correction on the homicide conviction and eleven (11) months and twenty-nine (29) days on each reckless endangerment conviction, with all sentences to run concurrently.

In this appeal as of right, the defendant presents three issues for review. First, he alleges that the evidence is insufficient to sustain his conviction. Second, the defendant argues that the trial court erred by not consolidating the reckless endangerment counts where they each arose from a single act of driving. Finally, the defendant contends that the trial court improperly sentenced him by imposing the maximum sentence and by denying alternative sentencing. After a review of the record, we affirm the conviction for the criminally negligent homicide of Bettie Bare and one reckless endangerment conviction, and we reverse the remaining two (2) reckless endangerment convictions.

The evidence presented at trial shows that on the evening of October 1, 1992, the defendant and his fiancée, Bettie Bare, were driving towards Piney Flats on Austin Springs Road in Sullivan County. They were arguing and the defendant was speeding. The defendant's car passed a pick-up truck that was travelling in the opposite direction, in which were Karen and Michael Triplett, their daughter, and Mrs. Triplett's grandmother. As the defendant's car came over a hill, it veered over slightly into the oncoming lane. Mr. and Mrs. Triplett both testified that the car had pulled back into its lane before it passed them. However, it appears that the centrifugal force of the defendant's car entering a right turn and its speed caused it to enter the opposite lane of traffic again, this time hitting a second pick-up truck. Rick Story, the owner of the second pick-up truck, suffered bruising and soreness but sustained no serious injury. Ms. Bare died thirteen (13) days later from injuries she sustained in the accident.

Mrs. Triplett testified that after the defendant's car had passed them, she turned around to look out of the rear window of the truck and saw the defendant's car hit Mr. Story's truck. Mrs. Triplett asked her husband to turn around, and she went to aid the victims. Mrs. Triplett testified that when she arrived at the scene, Mr. Story was out of his truck and that the defendant had crawled out of the window on the driver's side and was very distraught. With the help of two other witnesses, Mrs. Triplett managed to open the door on the driver's side so as to get into the car to aid Ms. Bare who was bleeding and contorted in the seat. Mrs. Triplett testified that Ms. Bare never spoke and that she had difficulty breathing.

There is no evidence that the defendant was under the influence of any alcohol or drugs when the accident occurred. He testified that when he came across the hill, before passing the Triplett truck, he had been in the lane of oncoming traffic, that he had lost control of his vehicle, and that Ms. Bare had jerked the steering wheel back to the right. No evidence was presented as to how fast the

defendant was driving, but several witnesses speculated that he had been driving anywhere from fifty (50) to eighty (80) miles per hour. Nonetheless, the posted speed limit on Austin Springs Road was thirty-five (35) miles per hour, and it was stipulated by both sides that the defendant was speeding.

The defendant challenges in his first issue that the evidence was insufficient to sustain his convictions. A defendant challenging the sufficiency of the proof has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn.1982).

When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978).

Our review of the record reveals that evidence was presented at trial that the defendant was driving at an excessive rate of speed which caused him to veer into the lane of oncoming traffic at least twice. Although the defendant's great remorse for the death of Ms. Bare is evident, it does not change the events or outcome of his reckless behavior. The defendant testified that he knew the speed limit on Austin Springs Road was thirty-five (35) miles per hour and that he also knew he was driving in excess of that limit.

The defendant asserts that he lacked the appropriate mental state to be convicted of the criminally negligent homicide of Ms. Bare. Criminal negligence is defined as "a person who acts with criminal negligence with respect to the circumstances surrounding that person's conduct or the result of that conduct when the person ought to be aware of a substantial and justifiable risk that the circumstances exist or the result will occur." T.C.A. § 39–11–302(d). The defendant testified that he had driven on Austin Springs Road many times, and that he knew of the posted speed limit and the many curves and hills on the road. There is no other conclusion but that the defendant was aware of the substantial and justifiable risk that an accident could ensue from driving fast and carelessly on a hilly, curvy road and that he consciously disregarded that risk by driving in such a manner. Therefore, the jury could have found beyond a reasonable doubt that the defendant was guilty of criminally negligent homicide.

The defendant also asserts that the evidence is insufficient to convict him of three (3) counts of reckless endangerment. "Reckless refers to a person who acts recklessly with respect to circumstances surrounding the conduct or the result of the conduct when the person is aware of but consciously disregards a substantial and justifiable risk that the circumstances exist or will occur." T.C.A. § 39–11–302(c). The statute on reckless endangerment requires that a person recklessly engage in conduct which places or may place another person in imminent danger of death or serious bodily injury. T.C.A. § 39–13–103. The defendant engaged in conduct, i.e., the reckless operation of his vehicle, that placed Mr. Story in danger of death or serious bodily injury. The fact that Mr. Story sustained no serious injuries is irrelevant to the offense. *See State v. Baggett*, 836 S.W.2d 593, 595 (Tenn. Crim.App.1992). Thus, the evidence was sufficient for the jury to conclude beyond a reasonable doubt that the defendant was guilty of recklessly endangering Mr. Story.

Although we find the evidence was sufficient for a jury to convict the defendant of the reckless endangerment of Karen Triplett and Michael Triplett, because of our holding with respect to the defendant's second issue,

we reverse the convictions for the reckless endangerment of Karen and Michael Triplett.

■ In his second issue the defendant asserts that the trial court erred by not consolidating all reckless endangerment counts since they arose from a single act of driving. There are very few cases which address the issue of whether one course of conduct can result in the reckless endangerment of more than one person. It is well established that one act of reckless driving, despite however many people it *may* victimize, does not transform it into separate or multiple acts. *See State v. Gilboy,* 857 S.W.2d 884, 888 (Tenn. Crim.App.1993). We find no cases that address whether one course of conduct that may endanger several people constitutes one or multiple acts of reckless endangerment.

However, general guidance for determining the units of prosecution that are allowed under a particular statute has previously been provided. In *State v. Davis,* 654 S.W.2d 688, 696 (Tenn.Crim.App.1983), this Court stated that if the statute prohibits a course of conduct, as opposed to individual acts, then there can be only one (1) conviction even though several acts constituting the course of conduct may be proven. This Court concluded that it is the legislature's duty to define clearly the allowable units of prosecution it desires to create and that ambiguities in a statute will be resolved against the finding of multiple offenses.

■ In this sense, the fact that the reckless endangerment statute speaks in terms of a person recklessly engaging in conduct indicates that a course of conduct, comprised of several acts, would constitute the offense. In fact, we note that this Court recently upheld a single reckless endangerment conviction although the defendant endangered many people when he took police on a high speed chase through a congested area, through several stop signs, and through a police roadblock. *State v. Clifford Bidwell,* No. 03C01–9308–CR–00287, Bradley County, 1994 WL 470392 (Tenn.Crim.App. filed August 30, 1994, at Knoxville). Similarly, the facts of the present case propel us toward a conclusion that only one reckless endangerment offense occurred.

We need not fashion a blanket rule that provides that a defendant's continuous operation of a vehicle may *only* result in one act of reckless endangerment under the statute. Many scenarios could be created where such a rule would not be prudent. However, in the instant case, we are of the opinion that the three (3) counts of reckless endangerment should have been merged into one (1). The distance between where the defendant passed the Triplett vehicle and where he hit Mr. Story was approximately one-tenth (⅒th) of a mile. Mrs. Triplett testified that immediately after the defendant had passed their truck she had turned around to look out of the rear window and had seen the defendant hit Mr. Story's truck. The evidence indicates that the defendant's loss of control of his vehicle, combined with the speed at which he was driving, were responsible for both his swerving in front of the Tripletts and hitting the Story vehicle. Due to the very short distance between the two trucks and the very short amount of time that passed between swerving into the oncoming lane of traffic in front of the Tripletts and the crash with Mr. Story, the reckless conduct engaged in by the defendant was one continuous act, a single course of conduct, and therefore supports only one conviction for that act. In this case, by analogy to the *Bidwell* case, we find that although the defendant's reckless conduct victimized more than one person, it does not justify multiple convictions. For these reasons, we reverse the defendant's convictions for the reckless endangerment of Karen and Michael Triplett.

■ In his third issue the defendant contends that the trial court improperly sentenced him by imposing the maximum sentence in the range and by denying alternative sentencing. When a defendant complains of his or her sentence, we must conduct a *de novo* review with a presumption of correctness. T.C.A. § 40–35–401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40–35–401(d) Sentencing Commission Comments. This presumption, however, is conditioned upon an affirmative showing in the record that the trial court considered the sentencing

principles and all relevant facts and circumstances. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn.1991).

A portion of the Sentencing Reform Act of 1989, codified at T.C.A. § 40–35–210, established a number of specific procedures to be followed in sentencing. This section mandates the court's consideration of the following:

(1) The evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40–35–113 and 40–35–114; and (6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

T.C.A. § 40–35–210.

In addition, this section provides that the minimum sentence within the range is the presumptive sentence. If there are enhancing and mitigating factors, the court must start at the minimum sentence in the range and enhance the sentence as appropriate for the enhancement factors and then reduce the sentence within the range as appropriate for the mitigating factors. If there are no mitigating factors, the court may set the sentence above the minimum in that range but still within the range.

In the present case the trial court found only one (1) enhancement factor and no mitigating factors when sentencing the defendant to two years for the criminally negligent homicide conviction and eleven (11) months and twenty-nine (29) days for each reckless endangerment conviction, all sentences to be served concurrently. The defendant received the maximum sentence as a Range I Standard Offender for each conviction. *See* T.C.A. §§ 39–13–212(b) and –103(b). As established by the presentence report, the defendant has quite a history of misdemeanor convictions, including: one (1) for driving under the influence, one (1) for possession of alcohol by someone under the age of twenty-one (21), two (2) for public intoxication and one (1) for disorderly conduct. Although the defendant claims certain mitigating factors

should have been applied, such as his veracity, his remorse, his cooperation with the police, and his lack of intent to commit the crimes, we cannot agree. Although the defendant may not have been motivated by an intent to violate the law in driving as he did, his neglect for the conditions of a road he had travelled many times cannot be overlooked. As stated previously, the defendant consciously disregarded the circumstances by driving erratically and too fast on a dangerous road. This lack of care, whether intentional or not, caused the death of another person. Furthermore, intent is not an element of criminally negligent homicide. Therefore, based on the number of prior misdemeanor convictions and the seriousness of this offense, we find that the trial court properly sentenced the defendant.

With regard to the denial of alternative sentencing by the trial court, this Court has held that exceptional circumstances must be shown in order to support probation in cases involving the death of another person. *See State v. Roger Hipsher*, No. 01C01–9111–CC–00332, Hickman County, 1992 WL 275399 (Tenn.Crim.App. filed October 8, 1992, at Nashville). The defendant has failed to indicate to this Court that any exceptional circumstances are present. In addition, the trial court noted that probationary measures had already been unsuccessfully tried with the defendant in the past. *See* T.C.A. § 40–35–103(1). For these reasons the defendant is not a favorable candidate for probation and the judgment of the trial court denying probation is affirmed. The evidence does not preponderate against the sentence imposed by the trial judge.

In conclusion, we find that the defendant was properly convicted of criminally negligent homicide and one (1) count of reckless endangerment. The reckless endangerment convictions in case numbers S33,434 and S33,435 are reversed and dismissed. The concurrent sentences in case numbers 32,795 and S33,433 are affirmed.

SCOTT, P.J., and TIPTON, J., concur.