# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 5, 2003

## STATE OF TENNESSEE v. ANTRAY TERRILL MORROW

### Direct Appeal from the Circuit Court for Hardin County
### No. 8030  C. Creed McGinley, Judge

---

### No. W2002-02065-CCA-R3-CD  - Filed November 25, 2003

---

A Hardin County jury convicted the appellant of four counts of aggravated assault and one count of felony reckless endangerment. The trial court imposed an effective twelve-year sentence. In this appeal, the appellant argues: (1) there is insufficient evidence to support his convictions; and (2) the trial court erred in sentencing him. Upon review of the record and the parties' briefs, we affirm the appellant's convictions and sentences for aggravated assault. However, because felony reckless endangerment is not a lesser-included offense of aggravated assault, the jury was improperly instructed on that offense. Accordingly, we reverse the appellant's conviction for felony reckless endangerment and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed in Part, Reversed in Part, and Remanded**.

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Wayne T. DeWees, Bolivar, Tennessee (at trial); Guy T. Wilkinson, District Public Defender; and Richard W. DeBerry, Assistant District Public Defender (on appeal), for the appellant, Antray Terrill Morrow.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; G. Robert Radford, District Attorney General; and John W. Overton, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On January 25, 2001, the appellant fired numerous shots at a house where four men were standing on the porch and a fifth man was inside the house. None of the victims were injured. The jury convicted the appellant of four counts of aggravated assault and one count of felony reckless endangerment. The trial court imposed an effective twelve-year sentence.

## PROOF AT TRIAL

Jeffrey Caldwell and Jerome Dixon testified that the appellant and Dixon had a confrontation in front of Dixon's house. Dixon said he told the appellant to "move on" after the appellant made some "mocking gestures." According to Caldwell, who remained inside the house after the confrontation, the appellant drove away, returned approximately ten to fifteen minutes later, and started shooting.

Dixon, Terrence Farris, and Tyrone Ross testified that they were on the front porch with Marlon Yarbro when the appellant drove by and started shooting at them. They said they all fled inside when the shooting began. Farris and Ross, whose cars were parked in the driveway, said their cars were damaged by gunfire. Caldwell and Farris testified that the appellant was driving a blue and gray Oldsmobile with a white rag top. The witnesses said the appellant was accompanied by another man in the passenger seat. They stated that the appellant was the driver of the vehicle and was the person who fired the shots.

Jason Martindale, a postal employee, testified that he was delivering mail in the neighborhood at the time of the shooting. Martindale stated that he noticed two men in a blue and silver sedan parked near the Dixon residence. He said he saw the vehicle drive away, heard it accelerate, and then observed the vehicle traveling in reverse. He testified that he then observed someone exit the vehicle and make gestures as though he were arguing. Martindale left before the shooting.

Larry Phelps, an investigator with the Savannah Police Department, testified that he was dispatched to the scene of the shooting where he found ten .45 caliber shell casings in a straight line in the middle of the street. Phelps stated that he found "a bullet impact area" in a brick of the house near the front porch and noticed that a piece of furniture on the porch had been struck by a bullet. He said he also observed that bullets had struck two vehicles in the driveway.

Circuit Court Clerk Diane Polk testified that on June 14, 2001, the appellant failed to appear in court on these charges and, as a result, a capias was issued for his arrest. Savannah Chief of Police Donald Derr testified that on January 4, 2002, he arrested the appellant on the capias. Chief Derr recounted that when officers attempted to stop the appellant's vehicle, the appellant drove backwards down the street and stopped only after Chief Derr drew his weapon.

## I. SUFFICIENCY OF THE EVIDENCE

The appellant contends that the proof was insufficient to support his convictions. First, he argues that the proof did not justify multiple convictions. He maintains the trial court should have consolidated his convictions because the proof established one continuous course of conduct. We disagree.

Generally, more than one conviction for a single criminal act may stand where there are multiple victims. See State v. Irvin, 603 S.W.2d 121, 122 (Tenn. 1980); see also State v. Denton, 938 S.W.2d 373, 381 (Tenn. 1996). In State v. Marcus Johnson, No. W2002-00987-CCA-R3-CD,

2003 Tenn. Crim. App. LEXIS 780, at **27-28 (Jackson, Sept. 4, 2003), perm. to appeal pending, a panel of this court held that double jeopardy prohibited the defendant from being convicted of two separate charges of especially aggravated robbery where there were two victims, but only one theft. The panel reasoned that only one conviction was supported by the evidence because the proper unit of prosecution for aggravated robbery in Tennessee is the number of thefts, rather than the number of victims. Id. at *29; see also State v. Irvin Lee Franklin, No. W2002-00945-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 568, at *19 (Jackson, June 27, 2003), perm. to app. pending. However, the Marcus Johnson panel found that the appellant Johnson was guilty of a crime against each victim, and that the evidence supported a conviction for aggravated assault, a lesser-included offense of especially aggravated robbery, for the offense against the second victim. Marcus Johnson, 2003 Tenn. Crim. App. LEXIS 780, at *30. The obvious implication of this holding is that the number of victims is a proper unit of prosecution for aggravated assault; therefore, multiple convictions for each victim of an aggravated assault do not violate double jeopardy. In the instant case, each of the four men standing on the porch at the time the appellant fired the shots was a victim of aggravated assault.

The appellant's reliance upon State v. Ramsey, 903 S.W.2d 709 (Tenn. Crim. App. 1995), is misplaced. Ramsey held that only one offense of reckless endangerment is committed even though there are multiple persons subjected to the endangerment. Id. at 713. Here, the subject offense is aggravated assault, not reckless endangerment. Separate convictions for each of the four victims standing on the porch is proper.

The appellant further contends that the evidence was not sufficient to support his conviction for the aggravated assault of Marlon Yarbro.[1]

In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict accredits the State's witnesses and resolves all conflicts in favor of the State. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Elkins, 102 S.W.3d 578, 581 (Tenn. 2003).

The appellant was convicted of the aggravated assault of Marlon Yarbro by intentionally or knowingly causing Yarbro to reasonably fear imminent bodily injury by the use or display of a handgun. See Tenn. Code Ann. § 39-13-102(a)(1)(B) (2003). The appellant contends that because Yarbro did not testify at trial, there was no proof that the appellant pointed the gun or shot at Yarbro, or that Yarbro was afraid. Witnesses testified that the appellant shot at the men on the porch and that all of them, including Yarbro, fearfully ran inside the house. We conclude that this evidence was sufficient to establish the appellant's guilt of the aggravated assault of Yarbro.

---

[1] On appeal, the appellant also asserts that the evidence was not sufficient to support his conviction for the felony reckless endangerment of Jeffrey Caldwell. However, because we have reversed this conviction, the issue is moot.

## II. SENTENCING

At sentencing, Investigator Larry Phelps testified that the shooting occurred in "[a] heavily populated residential area." Phelps stated that a daycare center was located near the house where the shooting occurred; however, no reports were received of gunshots striking nearby homes. No evidence was presented as to whether the daycare center or any of the nearby residences were occupied at the time of the shooting.

The presentence report indicated that the appellant had prior adult convictions for misdemeanor assault, evading arrest, and unlawful possession of a weapon, and a juvenile adjudication for burglary. According to the report, the appellant admitted frequent marijuana use.

The trial court found three enhancement factors were applicable: enhancement factor (1), the appellant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; enhancement factor (10), the appellant had no hesitation about committing a crime when the risk to human life was high; and enhancement factor (20), the appellant was adjudicated to have committed a delinquent act as a juvenile that would constitute a felony if committed by an adult. Tenn. Code Ann. § 40-35-114(1), (10), (20) (1997).[2] The trial court found no applicable mitigating factors, imposed the maximum sentence of six years for each aggravated assault conviction and the maximum two-year sentence for the felony reckless endangerment conviction, imposed partial consecutive sentencing to create an effective twelve-year sentence, and denied alternative sentencing.

On appeal, the appellant argues that the trial court erred in applying enhancement factor (10), imposing partial consecutive sentencing, and denying alternative sentencing.

### A. Standard of Review

This court's review of the sentence imposed by the trial court is de novo with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is de novo. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

If no mitigating or enhancement factors for sentencing are present, Tennessee Code Annotated section 40-35-210(c) (Supp. 2002) provides that the presumptive sentence for most offenses shall be the minimum sentence within the applicable range. State v. Lavender, 967 S.W.2d 803, 806 (Tenn. 1998). However, if such factors do exist, a trial court should enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for

---

[2] Effective July 2002, the legislature amended Tennessee Code Annotated section 40-35-114 by adding "terrorism" as an enhancement factor and renumbering the remaining factors. See Tenn. Code Ann. § 40-35-114 (Supp. 2002). Our opinion refers to the enhancement factors as they existed at the time of sentencing as specified in Tennessee Code Annotated section 40-35-114 (1997).

the mitigating factors. Tenn. Code Ann. § 40-35-210(e); State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Madden, 99 S.W.3d 127, 138 (Tenn. Crim. App. 2002); see also Tenn. Code Ann. § 40-35-210, Sentencing Commission Comments.

## B. Enhancement Factor (10)

The appellant contends that the trial court improperly applied enhancement factor (10), the appellant had no hesitation about committing a crime when the risk to human life was high, because risk to human life is an essential element of aggravated assault with a deadly weapon and felony reckless endangerment. The State concedes that this factor was improperly applied.

The use of a deadly weapon was an essential element of the offense of aggravated assault and felony reckless endangerment. Tenn. Code Ann. §§ 39-13-102(a)(1)(B), -103(b). Risk to human life is inherent in the use of a firearm. State v. Nix, 922 S.W.2d 894, 903 (Tenn. Crim. App. 1995). Therefore, enhancement factor (10) may not ordinarily be applied to enhance the appellant's sentences for these convictions. However, an exception exists where a defendant's actions posed a high risk to the life of a person other than the named victim. State v. Imfeld, 70 S.W.3d 698, 707 (Tenn. 2002).

In the instant case, the appellant fired shots at a house where four named victims were standing on the porch and a fifth named victim was inside the house. While the State presented further proof that the shots were fired in a residential neighborhood and that there was a daycare center in the vicinity, there no proof that the shots actually created a risk to the life of any other specific person. See State v. Hill, 885 S.W.2d 357, 363 (Tenn. Crim. App. 1994). For this reason, we must conclude the proof was insufficient to support the application of enhancement factor (10) to the appellant's convictions.

The wrongful application of one or more enhancement factors by the trial court does not necessarily lead a reduction in the length of the sentence. State v. Winfield, 23 S.W.3d 279, 284 (Tenn. 2000). This determination requires that we review the evidence supporting any remaining enhancement factors, as well as the evidence supporting any mitigating factors. Imfeld, 70 S.W.3d at 707.

The trial court gave great weight to the appellant's prior criminal convictions, specifically his convictions for assault, possession of a weapon, and evading arrest. Likewise, we conclude that enhancement factors (1) and (20) justify the sentences imposed.

## C. Consecutive Sentencing

The trial court imposed partial consecutive sentencing after finding the appellant to be a dangerous offender. The appellant maintains that consecutive sentencing was not warranted. This argument is without merit.

Generally, it is within the discretion of the trial court to impose consecutive sentences if it finds by a preponderance of the evidence that a defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high. Tenn. Code Ann. § 40-35-115(b)(4) (1997). If the court concludes that a defendant is a dangerous offender under Tennessee Code Annotated section 40-35-115(b)(4), it must make two further determinations in addition to applying general sentencing principles. Imfeld, 70 S.W.3d at 708. First, it must find an extended sentence is necessary to protect the public from further criminal conduct by the defendant, and, second, it must find consecutive sentencing to be reasonably related to the severity of the offenses. State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995). The record establishes that the trial court indeed made these specific findings. We conclude that the trial court's findings are supported by the record, and it did not err in imposing partial consecutive sentences.

## D. Alternative Sentencing

The appellant contends that the trial court erred in denying alternative sentencing. An especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6) (1997). However, this presumption is not available to a defendant who commits the most severe offenses, has a criminal history showing clear disregard for the laws and morals of society, and has failed past efforts at rehabilitation. Tenn. Code Ann. § 40-35-102(5); see also State v. Fields, 40 S.W.3d 435, 440 (Tenn. 2001).

The trial court acknowledged the presumption of alternative sentencing; nevertheless, it found that the appellant was not an appropriate candidate for alternative sentencing because the record established he was not amenable to rehabilitation. See Tenn. Code Ann. § 40-35-103(5) (1997). The presentence report indicated that at the time the appellant committed the instant offenses, he was on probation for assault. Moreover, there was proof that he received suspended sentences for past convictions, yet continued to commit offenses. See Tenn. Code Ann. § 40-35-103(1)(C) (prior failures of alternative sentencing). The record further established that the twenty-four-year-old appellant had numerous misdemeanor convictions as well as a juvenile adjudication for burglary, and the appellant admitted to long-term, frequent use of illegal drugs. See Tenn. Code Ann. § 40-35-103(1)(A) (long history of criminal conduct to be considered regarding confinement). Given these facts, we conclude that the trial court did not err in denying alternative sentencing.

## III. FELONY RECKLESS ENDANGERMENT CONVICTION

Although not raised by either party, we note that the appellant was convicted on count two of felony reckless endangerment as a lesser-included offense of aggravated assault. Because felony reckless endangerment is not a lesser-included offense of aggravated assault committed by intentionally or knowingly causing another to reasonably fear imminent bodily injury by use or display of a deadly weapon, we recognize this as plain error and reverse the appellant's conviction of felony reckless endangerment. Tenn. R. Crim. P. 52.

Article I, section 9 of the Tennessee Constitution provides that, in a criminal prosecution, the accused is entitled to notice of the charges that he must defend. "Consequently, the accused may be convicted only of an offense [charged] in the indictment, or an offense that qualifies as a lesser-included thereof." State v. Moore, 77 S.W.3d 132, 134 (Tenn. 2002) (citing Hagner v. United States, 285 U.S. 427, 431, 52 S. Ct. 417, 419 (1932)). As previously noted, the appellant was charged with five counts of aggravated assault. At the conclusion of the proof at trial, the trial court instructed the jury on the charged offense of aggravated assault and the lesser-included offenses of felony reckless endangerment and assault. On count two, the jury convicted the appellant of felony reckless endangerment against Jeff Caldwell. In order for the conviction to be valid, felony reckless endangerment must be a lesser-included offense of aggravated assault committed by intentionally or knowingly causing another to reasonably fear imminent bodily injury by use or display of a deadly weapon, the indicted offense. Our supreme court has previously held that felony reckless endangerment is not a lesser-included offense of aggravated assault committed by intentionally or knowingly causing another to reasonably fear imminent bodily injury by use or display of a deadly weapon. Moore, 77 S.W.3d at 136; see also State v. Larry Mitchel Watson, No. E2000-01923-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS, at **6-8 (Knoxville, Sept. 11, 2001). Accordingly, felony reckless endangerment should not have been charged to the jury. The appellant's conviction for felony reckless endangerment is reversed. On remand, the appellant may be tried for "any offenses which qualify under the [test adopted in State v. Burns, 6 S.W.3d 453, 466-67 (Tenn. 1999)] as lesser-included offenses of [aggravated assault] that (1) were not originally charged; or (2) were charged but which are lesser offenses than [felony reckless endangerment]." State v. Rush, 50 S.W.3d 424, 432 (Tenn. 2001).

## CONCLUSION

Based upon our review of the record and applicable law, we affirm the appellant's convictions and sentences for aggravated assault. However, we reverse the appellant's conviction for felony reckless endangerment and remand for further proceedings consistent with this opinion.

_____
NORMA MCGEE OGLE, JUDGE