# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 7, 2005

## STATE OF TENNESSEE v. JACKIE J. PORTER

**Direct Appeal from the Circuit Court for Hardin County**
**No. 8341    C. Creed McGinley, Judge**

---

**No. W2004-02012-CCA-R3-CD  - Filed October 31, 2005**

---

Defendant, Jackie J. Porter, pled guilty to one count of possession of 0.5 grams or more of cocaine with intent to sell, manufacture or distribute, a Class B felony, and one count of simple possession of marijuana, a Class A misdemeanor.  The length and manner of service of his sentences were left to the decision of the trial court.  Following a sentencing hearing, the trial court sentenced Defendant as a Range I, standard offender, to eight years, six months for his Class B felony conviction, and eleven months, twenty-nine days for his Class A misdemeanor conviction.  The trial court ordered Defendant to serve his sentences concurrently, for an effective sentence of eight years, six months. The trial court denied Defendant's request that he be placed on community corrections.  Defendant does not challenge the validity of his guilty pleas or his sentence for his misdemeanor conviction. In his appeal, Defendant argues that the trial court erred in determining the length of his felony sentence and in denying Defendant's request for alternative sentencing.  Upon review of the record, we conclude that the trial court erred in failing to state on the record its reasons for denying a sentence of community corrections.  Accordingly, we affirm Defendant's convictions and the length of the sentence, but reverse the judgment as to the manner of service of the sentence, and remand for a new sentencing hearing regarding the manner of service of the sentence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed in Part; Reversed in Part; Remanded for a New Sentencing Hearing**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Ed Neal McDaniel, Savannah, Tennessee, for the appellant, Jackie J. Porter.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; G. Robert "Gus" Radford, District Attorney General; John W. Overton, Assistant District Attorney General; and Jerry Wallace, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

On February 18, 2004, police officers found over 0.5 grams of cocaine and plant material which was identified as marijuana in Defendant's possession during the execution of a search warrant. At the sentencing hearing, Father Thomas Kirk, a priest at St. Mary's Catholic Church in Savannah, testified that he had visited Defendant several times while he was in jail. Father Kirk said that he and Defendant discussed Defendant's situation, and that Defendant expressed a willingness to change his lifestyle. Father Kirk described Defendant as a man of "good intellect" and "a certain amount of integrity." Father Kirk said that Defendant contributed to the care of his younger siblings, and he had worked for about two years at Aqua Glass. Defendant played football at Hardin County High School, and both his coach and a fellow teammate were willing to testify on Defendant's behalf should it be necessary. Father Kirk conceded that he and Defendant did not specifically discuss Defendant's drug problem or the offenses. Father Kirk said he would be willing to assist Defendant in finding a better life if he were granted probation.

Defendant was twenty-two years old at the time of the sentencing hearing. The State relied on the presentence report which shows that Defendant has two prior misdemeanor convictions. Defendant was convicted of simple possession of marijuana on July 11, 2003. After serving two days in confinement, Defendant was placed on probation for eleven months, twenty-nine days. On October 17, 2003, Defendant was convicted of theft under $500. After serving sixty-four days in confinement, Defendant was once again placed on probation for eleven months, twenty-nine days. Defendant committed the current offenses approximately four months later.

The trial court considered enhancement factor (2), that Defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, in determining the length of Defendant's sentence. *See* Tenn. Code Ann. § 40-35-114(2). The trial court did not find that any mitigating factors were present. The trial court found that Defendant's prior criminal record was not "significant," and enhanced his felony sentence "only by six months." Without being more specific, the trial court found that Defendant's case was not "an appropriate case for community corrections." It was the trial court's "strong recommendation that, perhaps, this defendant might qualify" for the Tennessee Department of Correction's boot camp program.

In his appeal, Defendant argues that the trial court erred in sentencing him above the presumptive minimum sentence of eight years for a Class B felony conviction. Defendant contends that he is a suitable candidate for either probation or participation in community corrections.

When a defendant challenges the length, range, or manner of service of a sentence, this Court conducts a *de novo* review with a presumption that the determinations made by the trial court are correct. *Id.* § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of

correctness falls." *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). Because the trial court did not specifically state on the record its reasons for denying Defendant's request to be placed in community corrections, we will review the trial court's determination regarding the manner of service of the sentence without a presumption of correctness. Tenn. Code Ann. § 40-35-401(d); *Ashby*, 823 S.W.2d at 169.

The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments. Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; *State v. Smith*, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Defendant is not presumed to be a favorable candidate for alternative sentencing options because he was convicted of a Class B felony. *See* Tenn. Code Ann. § 40-35-102(6). Moreover, because Defendant's actual sentence is more than eight years, he is ineligible for probation. *See id.* § 40-35-303(a). Defendant contends, however, that the trial court erred in sentencing him above the presumptive minimum sentence of eight years for his Class B felony conviction thereby rendering him ineligible for probation. Alternatively, Defendant argues that the trial court denied his request for placement in community corrections.

As a Range I standard offender, Defendant is subject to a sentence of between eight and twelve years for his Class B felony conviction. *Id*. § 40-35-112(a)(2). In calculating the sentence for Defendant's convictions, the presumptive sentence is the minimum in the range if there are no enhancement or mitigating factors. *Id.* § 40-35-210(c). If there are enhancement but no mitigating factors, the trial court may set the sentence above the minimum, but still within the range. *Id.* § 40-35-201(d). If both enhancing and mitigating factors are present, the trial court must start at the presumptive minimum, enhance the sentence within the range as appropriate for the enhancing factors, and then reduce the sentence as appropriate for the mitigating factors. *Id*. § 40-35-210(e).

The trial court found that Defendant has two prior misdemeanor convictions consisting of one conviction for theft of property under $500, and one conviction for simple possession of marijuana. A trial court may consider a defendant's previous history of criminal convictions in determining the length of the defendant's sentence. *Id.* § 40-35-114(2). The trial court acknowledged that Father Kirk's testimony demonstrated that there were some positive qualities in Defendant's life, but declined to assign these attributes any weight. The trial court observed that Defendant's prior criminal history was not significant and accordingly enhanced Defendant's sentence by "only six months."

Defendant's argument essentially goes to the weight assigned by the trial court to Defendant's past criminal history. This Court has previously stated that the weight assigned to a

particular factor is left to the trial court's discretion so long as the trial court complies with the principles of sentencing, and the trial court's findings are adequately supported by the record. *State v. Boggs*, 932 S.W.2d 467, 475-476 (Tenn. Crim. App. 1996). Misdemeanor convictions alone may support application of enhancement factor (2). *See e.g. State v. Ramsey*, 903 S.W.2d 709, 714 (Tenn. Crim. App. 1995); *State v. Richard Warren*, No. M2001-02139-CCA-R3-CD, 2003 WL 354505 (Tenn. Crim. App., at Nashville, Feb. 14, 2003), *no perm. to appeal filed.* Based upon our *de novo* review, we conclude that the enhancement of Defendant's sentence by six months based on the presence of two misdemeanor convictions for offenses committed a few months before the current offenses is appropriate. *See State v. Gomez*, 163 S.W.3d 632, 659 (Tenn. 2005) ("[E]ven after an enhancement factor is found, this statute affords the trial court the discretion to choose an appropriate sentence anywhere within the statutory range.")

Because Defendant's effective sentence is eight years, six months, he is not eligible for probation. *See* Tenn. Code Ann. § 40-35-303(a). Defendant is, however, eligible for community corrections. The Community Corrections Act establishes a program of community-based alternatives to incarceration for certain eligible offenders. *See* Tenn. Code Ann. § 40-36-103. A defendant is eligible for participation in a community corrections program if the defendant satisfies the following minimum eligibility criteria:

> **40-36-106. Eligible offenders.—** (a)(1) An offender who meets all of the following minimum criteria shall be considered eligible for punishment in the community under the provisions of this chapter;
>
> > (A) Persons who, without this option, would be incarcerated in a correctional institution;
> >
> > (B) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person . . .;
> >
> > (C) Persons who are convicted of nonviolent felony offenses;
> >
> > (D) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
> >
> > (E) Persons who do not demonstrate a present or past pattern of behavior indicating violence;
> >
> > (F) Persons who do not demonstrate a patter of committing violent offenses; and
>
> (2) Persons who are sentenced to incarceration or are on escape at the time of consideration will not be eligible for punishment in the community.

*Id.* § 40-36-106(a). Defendant meets the minimum eligibility criteria because he would otherwise be sentenced to incarceration; he was convicted of a nonviolent felony; no weapon was involved; he does not demonstrate a pattern of violent offenses or behavior; and he was not sentenced to incarceration or on escape at the time of the sentencing. *See id.*

The Act does not provide that all offenders who meet these requirements are entitled to such relief. *State v. Grandberry*, 803 S.W.2d 706, 707 (Tenn. Crim. App. 1990). The eligibility criteria are to be interpreted as minimum standards to guide the court's determination of eligibility of offenders under the Act. Tenn. Code Ann. § 40-36-106(d).

In determining that a sentence of confinement is appropriate, the trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. *Id*. § 40-35-103(1); *see also Ashby*, 823 S.W.2d at 169; *State v. Grigsby*, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997).

A trial court may also consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and 114 as they are relevant to the section 40-35-103 considerations. Tenn. Code Ann. § 40-35-210(b)(5); *State v. Boston*, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); *Boston,* 938 S.W.2d at 438. A trial court is in the best position to determine a defendant's amenability to community corrections because of its ability to observe the defendant's demeanor and characteristics first hand. *Grigsby*, 957 S.W.2d at 547.

In the case *sub judice*, the trial court made no findings as outlined above on Defendant's suitability for a community corrections sentence under Tennessee Code Annotated section 40-36-106(a)(2) other than an observation that the community corrections program was not "appropriate." The record of a sentencing hearing is part of the record of the case and "shall include specific findings of fact upon which application of the sentencing principles was based." *Id*. § 40-35-209(c). The purpose of recording the court's reasoning is to guarantee the preparation of a proper record for appellate review. *State v. Ervin*, 939 S.W.2d 581, 584 (Tenn. Crim. App. 1996).

## CONCLUSION

After a review of the record, we affirm Defendant's convictions and the length of his sentences. The trial court's failure to make specific findings of fact as to the reasons for its denial of community corrections requires this Court to reverse the trial court's judgment as to the manner of service of the sentence, and remand for a new sentencing hearing regarding the manner of service of the sentence. On remand, specific findings of fact should be made on the record as to Defendant's suitability or lack thereof for community corrections.

THOMAS T. WOODALL, JUDGE

-5-