IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 14, 2006

## STATE OF TENNESSEE v. JOSHUA GLENN TRIVETTE

**Direct Appeal from the Criminal Court for Sullivan County
Nos. S50,045-46     R. Jerry Beck, Judge**

---

**No. E2006-00129-CCA-R3-CD - Filed June 12, 2007**

---

The defendant, Joshua Glenn Trivette, pled guilty to two counts of auto burglary, theft over $1000, five counts of vandalism over $1000, vandalism over $500, felony evading arrest, driving under the influence, driving on a revoked license stemming from one indictment (Case No. S50,046), and to driving on a revoked license second offense, violation of the seat belt law, and failure to provide proof of financial responsibility from a separate indictment (Case No. S50,045), with the trial court to determine the length and manner of service. After a sentencing hearing, the trial court imposed a sentence of eleven months, twenty-nine days in Case No. S50,045 and an effective six-year sentence in Case No. S50,046, to be served consecutively in the Department of Correction. On appeal, the defendant contends that the trial court erred by misapplying enhancement and mitigating factors, ordering consecutive sentences, and denying an alternative sentence. After careful review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Stephen M. Wallace, District Public Defender, and Terry L. Jordan, Assistant Public Defender, for the appellant, Joshua Glenn Trivette.

Robert E. Cooper, Jr., Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and B. Todd Martin, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The State recited the following facts at the guilty plea submission hearing concerning the incidents that are the subject of the underlying offenses:

> [O]n October 12, 2004, Officer Jamie Dunbar, Sheriff's Deputy, Jamie Dunbar, of
> the Sullivan County Sheriff's Office, observed the Defendant to be operating a 1988

Honda Accord in Sullivan County, Tennessee. Officer Dunbar observed the Defendant not to be wearing a seat belt and issued a traffic stop on Piney Flats Road at the Appco, and he asked the Defendant for his Driver's License and proof of insurance. The Defendant indicated that he did not have proof of insurance, Your Honor. Sheriff Dunbar ran the criminal history and was notified of the previous driving while revoked conviction.

Your Honor, had the matter of S50046 gone to trial, the State's proof would have again been the Certified Driving History. It also would have been the testimony of Sheriff's Deputy, Chris McDavid and Dan Gilliam of the Sullivan County Sheriff's Office as well as a confession from the Defendant and the statements of Detective Greg Carter of the Sullivan County Sheriff's Office.

The proof would have been that on October 16, 2004, the Defendant stated that he left the residence of a friend on High Street in Piney Flats, Tennessee. He had been drinking Everclear and smoking marijuana at that time from about 9:00 p.m. until his departure at about twelve thirty in the morning. As he departed from High Street on a bicycle, he observed a gate that was open and several parked school buses at the Mary Hughes School at 240 Austin Springs Road in Piney Flats, Sullivan County, Tennessee.

The proof would have been, Your Honor, that the Defendant entered one of those buses and went through a First Aid Kit that was on it. He entered a second bus, and, actually, took that bus, Your Honor; leaving the parking area, he also struck another bus that was sitting there and did damage in excess of One Thousand Dollars ($1,000.00) to that bus. The value of the bus that he took, Your Honor, would have been in excess of One Thousand Dollars ($1,000.00) but less than Ten Thousand Dollars ($10,000.00).

Your Honor, the proof would have been that the Defendant was subsequently observed to be driving a motor vehicle, the bus, on a roadway. Officers attempted to initiate a traffic stop with him, but he refused to stop. He had gone down the road and attempted to turn the bus around. In trying to turn the bus around at Interstate Awning in Sullivan County, he crushed a mini-van and totalled [sic] it and drove it into a vehicle that was parked beside of it and caused damage to that vehicle as well. He eventually was stopped and attempted to run and he was apprehended by law enforcement.

Two days later, Your Honor, officers were called to Corrugated Container in Piney Flats, Tennessee, and there they learned that a number of pallets, that they used in the operation of their business, had been crushed and on the pallets was recovered a mirror from a bus, that they were able to match up to the bus that the Defendant has [sic] stolen. There was also damage to Charles Arnold's private property, his corn

business, which was adjacent to Corrugated Container. Tracks lead across Mr. Arnold's property and into Corrugated Container. In addition to the mirror, there was a piece of the fiberglass fender from the bus that was matched up to the bus that the Defendant was driving and a headlight.

Your Honor, the Plymouth Voyager, was totaled and the total destruction was over One Thousand Dollars ($1,000.00) but less than Ten Thousand Dollars ($10,000.00). A Central Bus and Holston Bus both had damage to their vehicles . . . the bus, apparently, as he was pulling out, caused damage to another bus and that was in excess of One Thousand Dollars ($1,000.00). I think it was over Five Thousand Dollars ($5,000.00). The damage to the Holston Bus was in excess of Seven Thousand Dollars ($7,000.00).

Again, by the Defendant's own admission, he had been drinking Everclear and there was a Breathalyzer that was done that indicated that he was . . . the result came back as .11, Your Honor, breath alcohol concentration.

Both the mini-van that was crushed and the truck that was damaged, Your Honor, I think, both belonged to a Trever Bartley. He had them both parked at the same location.

Officer Chris McDavid of the Sullivan County Sheriff's Office was the officer that initiated the blue lights and emergency equipment to attempt a traffic stop.

During the sentencing hearing, a number of witnesses testified favorably for the defendant, including his mother, a co-worker, and his pastor. Their testimony included statements regarding the changes the defendant has made in his life since the underlying incidents which included working regularly, providing for his family, and attending church. At the conclusion of the testimony, the trial court sentenced the defendant to separate sentences of 11 months, 29 days for one set of charges and six years for the other offenses. The court ordered the sentences to be served consecutively in the Department of Correction.

Analysis

On appeal, the defendant contends that the trial court erred in three ways with regard to his sentence. He argues that the trial court erred in determining the length of his sentence by improperly applying the submitted enhancement and mitigating factors. He also suggests that the trial court erred in ordering consecutive sentencing. Finally, he contends that the trial court erred in denying any form of an alternative sentence. The State argues that the trial court properly sentenced the defendant.

First, the defendant argues that the trial court erred in enhancing his sentence. Specifically, he contends that the trial court applied too much weight to his previous history of criminal convictions, T.C.A. § 40-35-114(1), because they were "only" misdemeanors. The State submits that misdemeanor convictions alone may support application of this enhancement factor. We agree. The State cites to this court's opinion in State v. Ramsey, 903 S.W.2d 709, 714 (Tenn. Crim. App. 1995). This court concluded in Ramsey that the trial court had properly enhanced a sentence when the defendant had prior misdemeanor convictions. The defendant in the instant case has prior convictions for possession of marijuana, driving on a revoked license, failure to appear, violation of the registration law, theft, and violation of the seatbelt law. Therefore, the court properly applied the contested enhancement factor. Further, this court has also concluded that evidence of drug use at the time of the commission of the offense is justification for the application of the enhancement factor. State v. Alexander, 957 S.W.2d 1, 7 (Tenn. Crim. App. 1991). Here, the court properly applied the enhancement factor because the defendant acknowledged that he was using marijuana at the time of the offense. The defendant's criminal record alone justified the sentence applied.

The defendant argues that the trial court did not give sufficient weight to mitigating factor (13), the "catchall factor." He contends that the trial court should have given additional credit for the progress he has made toward rehabilitation since his release on bond. The State contends that the defendant has not demonstrated that this factor is entitled to great weight.

The weight given to each enhancement or mitigating factor is in the discretion of the trial court, assuming the trial court has complied with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Madden, 99 S.W.3d 127, 138 (Tenn. Crim. App. 2002). The statutes prescribe no particular weight for an enhancement or mitigating factor. State v. Gosnell, 62 S.W.3d 740, 750 (Tenn. Crim. App. 2001). "[A] defendant's 'sentence is not determined by the mathematical process of adding the sum total of enhancing factors present then subtracting from this figure the mitigating factors present for a net number of years.'" State v. Alder, 71 S.W.3d 299, 306 (Tenn. Crim. App. 2001)(quoting State v. Boggs, 932 S.W.2d 467, 475 (Tenn. Crim. App. 1996)). Despite his contention otherwise, the defendant has not shown that the trial court failed to follow the sentencing act. He merely contends that the trial court should have given more weight to his proposed mitigating factor. Because the weight of each factor is left to the discretion of the trial court, absent a showing that it did not comply with the sentencing act, we must affirm the underlying sentence.

Next, the defendant argues that the trial court should not have imposed consecutive sentences for his convictions. The State argues that no error exists and that the record supports the trial court's findings. Generally, it is within the discretion of the trial court to impose consecutive sentences if it finds by a preponderance of the evidence that at least one of the following statutory criteria applies:

(1) The defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood;

(2) The defendant is an offender whose record of criminal activity is extensive;

(3)     The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4)     The defendant is a dangerous offender whose behavior indicated little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5)     The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6)     The defendant is sentenced for an offense committed while on probation; or

(7)     The defendant is sentenced for criminal contempt.

T.C.A. § 40-35-115(b).

"Whether sentences are to be served concurrently or consecutively is a matter addressed to the sound discretion of the trial court." State v. Hastings, 25 S.W.3d 178, 181 (Tenn. Crim. App. 1999). Here, the trial court found that the defendant's record of criminal activity justified the imposition of consecutive sentencing. As previously stated, the defendant had several prior convictions, and the trial court considered each of them in determining the proper sentence for this defendant. The defendant has not shown that the trial court abused its discretion; therefore, we must affirm.

Finally, the defendant argues that the trial court should have granted an alternative sentence. The State contends that the record supports a denial of alternative sentencing.

An especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. T.C.A. § 40-35-102(6). However, this presumption is not available to a defendant who commits the most severe offenses, has a criminal history showing a clear disregard for the morals of society, and has failed at past efforts at rehabilitation. Id. § 40-35-102(5); State v. Fields, 40 S.W.3d 435, 440 (Tenn. 2001). The court should also examine the defendant's potential for rehabilitation or lack thereof when considering whether alternative sentencing is appropriate. T.C.A. § 40-35-103(5). Sentencing issues must be decided in light of the unique facts and circumstances of each case. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have

often or recently been unsuccessfully applied to the defendant. T.C.A. § 40-35-103(1); see also State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. T.C.A. § 40-35-103(2); State v. Batey, 35 S.W.3d 585, 588-89 (Tenn. Crim. App. 2000). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).

The defendant acknowledges that he was denied alternative sentencing on the basis of the defendant's record, the circumstances of the offenses, and for deterrence, all factors to consider under Tennessee Code Annotated section 40-35-103(1). The State notes that the defendant has been granted a suspended sentence for each of his previous convictions and that he continues to commit crimes, which demonstrates that other measures less restrictive than confinement have been unsuccessfully applied to the defendant. We also note that the defendant was first arrested on October 12, 2004, for the incidents giving rise to the first indictment. A mere four days later, on October 16, 2004, he was again arrested for his actions leading to the second indictment. He was on bond for the first set of charges when he was arrested for the second set of charges. Further, he was again apprehended while driving on a revoked license, further demonstrating his disregard for the law. He continued to drive even though he had no driver's license. Therefore, we conclude that the trial court had adequate reason to deny the defendant an alternative sentence. The trial court did not abuse its discretion by ordering confinement.

## Conclusion

Based on the foregoing and the record as a whole, we affirm the judgments from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE

-6-