# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
September 21, 2004 Session

## SHAMAIN JOHNSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2001-C-1740, 2001-B-1165     Cheryl Blackburn, Judge**

---

### No. M2003-03084-CCA-R3-PC - Filed January 21, 2005

---

The Appellant, Shamain Johnson, appeals the dismissal of his petition for post-conviction relief. On appeal, Johnson collaterally challenges his convictions for class B felony possession of cocaine and two counts of sale of a counterfeit controlled substance, class E felonies. In support of his arguments, Johnson contends that: (1) his community corrections sentences, resulting from these convictions, were not statutorily authorized; (2) his plea agreement, with regard to his convictions for sale of a counterfeit controlled substance, "constitutes a plea to a non-existent offense and is therefore void;" and (3) his guilty pleas to the offenses were not knowingly or voluntarily entered. After review, we affirm the dismissal.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Charles E. Walker, Nashville, Tennessee, for the Appellant, Shamain Johnson.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Elizabeth T. Ryan, Assistant Attorney General; Victor S. (Torry) Johnson III, District Attorney General; and Roger Moore, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Procedural History

Under the terms of a negotiated plea agreement, the Appellant pled guilty to one count of class B felony possession of .5 grams or more of cocaine with the intent to sell and to two counts of class E felony sale of counterfeit controlled substances. As agreed, the Appellant received a ten-year community corrections sentence, with one year to be served in confinement, for his class B felony conviction. For his two class E felony convictions, the Appellant received concurrent two-year community corrections sentences. The class B sentence and the class E sentences were

consecutively imposed, resulting in an effective twelve-year sentence. Several months after the Appellant's release from confinement, his community corrections sentences were revoked, and he was resentenced to an effective thirteen-year Department of Correction sentence. On January 31, 2003, the Appellant filed a petition for post-conviction relief challenging his original pleas of guilty.[1] After an evidentiary hearing, the post-conviction court denied relief, and this appeal followed.

## ANALYSIS

Relief under the Post-Conviction Procedure Act shall be granted when the conviction or sentence is void or voidable because of an abridgment of any state or federal constitutional right. The Appellant bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code. Ann. § 40-30-110(f) (2004). When this court reviews a lower court's decision for post-conviction relief, the lower court's findings are conclusive upon appeal absent a finding that the evidence preponderates against the judgment. *Tidwell v. State*, 922 S.W.2d 497, 500 (Tenn. 1996); *Campbell v. State*, 906 S.W.2d 594, 596 (Tenn. 1996). When the court reviews factual issues, it may not reweigh or reevaluate the evidence. *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997). However, conclusions of law are reviewed under a *de novo* standard, with no presumption of correctness. *Fields v. State*, 960 S.W.2d 450, 458 (Tenn. 2001).

## A. Voidable Community Corrections Sentences

The Appellant argues that his community corrections sentences are illegal and voidable under Tennessee Code Annotated section 40-35-106(a). If an offender is "convicted of felony offenses in which the use or possession of a weapon" is involved, the offender is not eligible for community corrections. Tenn. Code Ann. § 40-35-106(a)(1)(D) (2003). The Appellant contends that because he was in possession of a weapon during the commission of the three drug offenses, he was ineligible for community corrections sentencing.

In support of this argument, the Appellant relies upon *State v. Grandberry*, 803 S.W.2d 706 (Tenn. Crim. App. 1990); *State v. Timothy W. Brown*, No. 01-C-01-9211-CC-00343 (Tenn. Crim. App. at Nashville, June 9, 1994); and *State v. Frederick Tennial*, No. 02C01-9106-CR-00123 (Tenn. Crim. App. at Jackson, May 20, 1992) for authority that a defendant is ineligible for sentencing to community corrections when the offense for which the defendant is being sentenced involved the use of a weapon.

First, the holdings in *Grandberry, Brown,* and *Tennial* are distinguishable from the case before us. The issue of weapon possession and eligibility for community corrections sentencing in each of these three cases was raised on direct appeal from an adverse sentencing decision of the trial court. On appeal, this court was required to conduct a *de novo* review of the sentencing proof in the

---

[1] The Appellant's initial guilty pleas were entered on January 31, 2002. On November 2, 2002, the Appellant's community corrections sentences were revoked, and he was resentenced.

-2-

same fashion as the trial court. However, the case before us, a post-conviction proceeding, is a collateral appeal of three convictions and may not be used as a substitute for a direct appeal. The Appellant's sentences in this case were agreed sentences. Tenn. R. Crim. P. 11(e)(1). The sentences in *Grandberry, Brown,* and *Tennial* were not agreed sentences.

It is undisputed that a defendant who is convicted of the crimes of class B felony possession of cocaine and class E sale of a counterfeit controlled substance may receive community corrections sentences. A defendant who enters a plea of guilty waives all non-jurisdictional defects and constitutional infirmities.[2] *State v. McKinney*, 74 S.W.3d 291, 306 (Tenn. 2002); *State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999). The appellate courts of this state have concluded that offender classification, a sentencing issue, is a "non-jurisdictional and legitimate bargaining tool[] in plea negotiations. . . ." *Bland v. Dukes*, 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002) (citing *McConnell v. State*, 12 S.W.3d 795, 798 (Tenn. 2000); *Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997)). We find this holding analogous to the issue raised in the present case. Accordingly, we conclude that the decisions in *Grandberry, Brown*, and *Tennial* have no application to this case.

The proof at the post-conviction hearing, as gleaned from the transcript of the plea submission hearing, established that although the Appellant was charged with a weapon offense in addition to multiple drug offenses, the weapon offense arose on a date separate than the drug charges. In reciting the factual basis of the pleas for the three drug offenses, no reference was made by the prosecutor of a weapon.[3] At the post-conviction hearing, the Appellant testified that he was not in possession of a weapon at the time he was arrested for the class B felony possession of cocaine offense. Following this proof, the post-conviction court concluded that, "[i]n this case, Petitioner was not convicted of any felony offenses involving the use or possession of a weapon."[4] Because the record supports this finding, this issue is without merit.

## B. Plea to a Non-Existent Offense

With regard to his convictions for sale of a counterfeit controlled substance, the Appellant contends that his "plea agreement constitutes a plea to a non-existent offense and is therefore void." This argument is ill-founded. This contention is premised upon the inserted language of paragraph 22 of the plea agreement document, which is captioned "Petition to Enter Plea of Guilty."

---

[2]A defendant who pleads guilty may appeal the issue of whether or not the trial court had subject matter jurisdiction because jurisdictional defects are not waived by the plea. In this case, the Davidson County Criminal Court clearly had subject matter jurisdiction of the three felony offenses and, therefore, had the authority to enter judgments accordingly.

[3]The weapon charge, in addition to other felony drug charges, was dismissed as part of the plea agreement.

[4]This identical issue was previously raised by the Appellant within the context of a habeas corpus proceeding in which the trial court reached the identical finding and summarily dismissed the habeas petition without a hearing. This court affirmed the dismissal on appeal. *Shamain Johnson v. State*, No. M2003-00470-CCA-R3-CO (Tenn. Crim. App. at Nashville, Jan. 23, 2004). Because the Appellant was not afforded a "full and fair hearing" on his habeas petition, the issue was not previously determined within the meaning of Tennessee Code Annotated section 40-30-206(f) (2003).

Paragraph twenty-two (22) recites in pertinent part:

> I know that the Court will not ordinarily accept a plea of "GUILTY"
> from anyone who claims to be innocent, and with that in mind, and
> because I make no claim of innocence, I wish to plead "GUILTY"
> and respectfully request the Court to accept my plea as follows: [Set
> out plea bargain agreement with the State.] . . .

> 2001-C-1740
> concurrent with < CT.1:  Poss. Counterfeit C/S: 2 years suspended,
>                                       2 years Community Corrections
> each other        < CT. 2:  Poss. Counterfeit C/S: 2 years suspended,
>                                       2 years Community Corrections

Additionally, paragraph six (6) of this document makes reference to the offense being pled to as follows:

> 6.  My attorney has told me and I understand that the punishment I
> could receive, including both possible incarceration and/or fine, is:
> [Set out range of punishment for offense(s) charged and pleaded to,
> if different.]

> 2001-C-1740:
> CTS. 1-3: Sale Counterfeit Controlled Substance: "E" Felony, (1-6
> years), Max. Fine $3,000.00

The Appellant contends the denominated crime in paragraph 22, "poss. counterfeit c/s," does not exist because our criminal code proscribes only the act of sale of a counterfeit substance, as opposed to that of possession. Clearly the plea agreement form should correctly reflect the terms of the plea agreement. Nonetheless, the colloquy at the guilty plea submission hearing between the defendant and the trial judge in open court as required by Rule 11, Tenn. R. Crim. P., is the primary measure for determining the voluntariness of the plea and whether judgment upon the plea should be entered.

Trial counsel testified at the post-conviction hearing that she discussed the plea agreement with the Appellant and that he was clearly aware that he was pleading guilty to sale of a counterfeit controlled substance, a class E felony. Moreover, the transcript of the guilty plea hearing establishes that the Appellant knowingly and voluntarily entered guilty pleas to two counts of sale of a counterfeit controlled substance. This is supported by the prosecution's statement of the facts at the guilty plea hearing. The assistant district attorney advised the court that the Appellant "sold what he represented to be two ounces of cocaine for $2,000" to a police informant on February 5, 2001, and "sold what he represented to be three ounces of cocaine for $2,900" on February 8, 2001. When

asked about his plea to the two counts of sale of a counterfeit controlled substance, the Appellant responded, "Guilty." The judgment forms properly reflect this plea. Accordingly, we conclude that the Appellant has failed to prove, by clear and convincing evidence, that his guilty pleas to the sale of a counterfeit substance were unknowingly and involuntarily entered. This issue is without merit.

## C. Knowing, Intelligent, and Voluntary Plea

Last, the Appellant contends that his guilty plea to class B felony possession of cocaine was not knowingly and voluntarily entered because he was not aware, at the time, that he was pleading guilty to a voidable sentence. Moreover, he argues that because the guilty pleas entered in the counterfeit controlled substances convictions are different from those contained in the plea agreement, the guilty pleas were unknowingly entered. Because we have concluded that the Appellant's sentence for felony possession of cocaine was valid and because the Appellant's guilty pleas to sale of a counterfeit controlled substance were knowingly and voluntarily entered, we find this issue without merit.

## CONCLUSION

Based upon the foregoing, we conclude that the Appellant's pleas of guilty were entered voluntarily to valid offenses resulting in statutorily authorized sentences. Accordingly, the dismissal of the petition for post-conviction relief is affirmed.

_____
DAVID G. HAYES, JUDGE