# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## JUNE 1997 SESSION



**FILED**

**July 2, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| Appellee, | ) | **C.C.A. No. 02C01-9607-CR-00232** |
| | ) | |
| **VS.** | ) | **SHELBY COUNTY** |
| | ) | |
| | ) | **HON. ARTHUR T. BENNETT,** |
| | ) | **JUDGE** |
| **MICHAEL A. BOYLAND,** | ) | |
| | ) | (Sentencing) |
| Appellant. | ) | |

FOR THE APPELLANT:

**CRAIG HALL (at trial)**
100 North Main, Ste. 1928
Memphis, TN   38103

**BRETT B. STEIN (on appeal)**
100 North Main, Ste. 3102
Memphis, TN   38103

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**SARAH M. BRANCH**
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee   37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**STEPHEN HALL**
Assistant District Attorney General
201 Poplar Ave. Ste. 301
Memphis, Tennessee   38103-1947

OPINION FILED: _____

AFFIRMED

**JOE G. RILEY,**
**JUDGE**

## OPINION

The defendant, Michael A. Boyland, pled guilty to possession of cocaine over 0.5 grams with intent to sell, a Class B felony. He was sentenced as a Range I Standard Offender to nine years in the Department of Correction and fined $2,000. The sole issue for review is whether the trial court erred in denying alternative sentencing. We AFFIRM the judgment of the trial court.

**FACTS**

Defendant pled guilty to possession of cocaine over 0.5 grams with intent to sell and agreed to a nine-year sentence; however, he petitioned for alternative sentencing. At the sentencing hearing, defendant testified regarding the circumstances of the offense. In 1992, he returned to Tennessee from Illinois and did not have a job. In less than three months, he was involved with the "wrong crowd" and began selling drugs. On or about November 9, 1994, the Shelby County Police Department raided defendant's home and found over twenty-six (26) grams of cocaine and $7,800 in cash. Defendant's wife and daughter resided with him at the time of the arrest.

Defendant testified that subsequent to his arrest, he had gained employment with Brewer Landscaping, gotten married, and had another child. Although his wife is employed, defendant stated that his income is necessary to sustain his family.

Defendant's testimony also revealed he had one prior drug-related conviction for possession of marijuana. He was sentenced to eleven (11) months and twenty-nine (29) days and received probation.

The state did not offer any proof.

Based on the testimony, the trial court found that defendant did not appreciate the seriousness of the offense and further stressed the need for deterrence in denying defendant's petition for alternative sentencing.

**I.**

2

The Community Corrections Act establishes a program of community-based alternatives to incarceration for certain eligible offenders. See Tenn. Code Ann. § 40-36-103. A defendant is eligible for participation in a community corrections program if the defendant satisfies several minimum eligibility criteria set forth at Tenn. Code Ann. § 40-36-106(a)(1)-(7). The Act does not provide that all offenders who meet these requirements are entitled to such relief. State v. Grandberry, 803 S.W.2d 706, 707 (Tenn. Crim. App. 1990). Indeed, Tenn. Code Ann. § 40-36-106(d) provides that the eligibility criteria shall be interpreted as minimum standards to guide the court's determination of eligibility of offenders under the Act.

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). Obviously, Class A and B felons have no such presumption.

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); see also State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

A court may also consider the mitigating and enhancing factors set forth in Tenn. Code Ann. § 40-35-113 and 114 as they are relevant to the § 40-35-103 considerations. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); State v. Boston, 938 S.W.2d at 438.

**II.**

The defendant in this case was convicted of a Class B felony and is not afforded a presumption in favor of alternative sentencing. He is also ineligible for probation under Tenn. Code Ann. § 40-35-303(a) since his sentence was over eight years. The proof showed that defendant had a prior drug-related offense. His prior alternative sentence for possession of drugs did not deter him from further illegal drug activity. The instant drug conviction involved over twenty-six (26) grams of cocaine, and the police found over $7,800 in cash at the defendant's home. Obviously, the defendant was involved in substantial drug sales.

The trial judge expressed concern with defendant's attitude toward the seriousness of the offense and the amount of cocaine and cash money involved. He determined that incarceration was necessary to avoid depreciating the seriousness of the offense and to serve as a deterrent. See State v. Dykes, 803 S.W.2d 250, 260 (Tenn. Crim. App. 1990). The trial judge properly considered appropriate sentencing principles, and his findings are entitled to a presumption of correctness. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The trial court did not err in denying alternative sentencing.

The judgment of the trial court is AFFIRMED.

_____
JOE G. RILEY, JUDGE

CONCUR:

_____
PAUL G. SUMMERS, JUDGE

_____
DAVID H. WELLES, JUDGE